301 So.2d 427 (1974)
Louis CYRUS, Sr.
v.
Dominick SARAGUSA et al.
No. 6361.
Court of Appeal of Louisiana, Fourth Circuit.
October 9, 1974.
Lambert J. Hassinger, New Orleans, for plaintiff-appellee.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, James R. Murrell, III, New Orleans, for defendants-appellants.
Before SAMUEL and LEMMON, JJ., and MARCEL, J. Pro Tem.
LEMMON, Judge.
This case involves a car-truck collision. After trial on the merits, judgment was rendered against defendants, who were the truck driver, his employer and their insurer.
On appeal, defendants principally urge that the trial court misinterpreted their driver's account of the occurrence.
The mid-day accident occurred in New Orleans on Bienville Street, a narrow, one-way street which consisted of one lane for parking and one lane for moving traffic. Prior to the accident, plaintiff was parked on Bienville in the parking lane, about 50 feet from the intersection with Rampart Street, a multi-lane, divided thoroughfare. The intersection was controlled by a traffic light.
Plaintiff testified that when he entered the parked car, there were two or three cars stopped in the moving lane of Bienville, waiting for a red light to change; that defendants' truck (a 32-foot long tractor-trailer unit) was also stopped in the moving lane, just behind him; that there were no vehicles ahead of him in the parking lane; that he started his motor and moved forward slowly in the parking lane; that after he had moved a few feet, the light changed to green, and he continued forward in the parking lane, intending to turn right; and that when he neared the corner, the truck "zoomed" past him and made a right turn, crushing his car against a sign, which was located about 12 feet from the corner.
On the other hand, defendant driver testified that he stopped at the corner for the red light, using his directional signal to indicate his intention to turn right; that there were no vehicles stopped ahead of him in the moving lane; that he had noticed plaintiff in the parked car when he passed it; that when the caution light appeared *428 for Rampart Street traffic, he checked his side view mirror and saw plaintiff's car still stopped in the parking lane; and that he moved forward when the light changed to green and commenced his wide right turn, "never dream(ing) he (plaintiff) would take a chance of coming through the right side from a parking position."
Plaintiff's passenger testified and supported plaintiff's version, particularly on the pivotal fact of the truck's stopped position in the moving lane to their rear.
This case involves a pure credibility determination. Under one depiction, plaintiff negligently caused the accident; under the other, defendant driver did so. There is evidence to support either version, and there is no physical evidence to contradict the version accepted by the trial judge. This type of case normally should be won or lost in the trial court, and we decline to substitute our evaluation of credibility for that of the trial judge.
Defendants contend, however, that even if plaintiff's version is accepted, plaintiff was at least contributorily negligent by illegally passing on the right and by illegally driving in the parking lane. Under the version accepted, plaintiff did not pass on the right. Before the collision he was ahead of the truck, which was passing him when impact occurred.
As to movement in the parking lane, New Orleans City Code, 1956, § 38-91 (M.C.S., Ord. No. 3816, § 1, 6-6-68) provides:
"Where parking is permitted in a lane of traffic immediately adjacent to the curb, no vehicle shall travel in such lane of traffic except for the purpose of stopping or parking, or for the purpose of making a turn, and when making a turn, only within fifty feet (50') from the intersection where the turn is to be made."
Plaintiff traveled in the parking lane within the permitted distance for the permitted purpose. Defendant driver's failure to exercise proper lookout and to observe plaintiff's legal maneuver was the negligence which caused this accident.
Defendants do not argue as to the amount of the judgment.
The judgment is affirmed.
Affirmed.