301 So.2d 673 (1974)
Arlin R. SMITH, Plaintiff and Appellee,
v.
RANGER INSURANCE COMPANY, Defendant and Appellant.
No. 4681.
Court of Appeal of Louisiana, Third Circuit.
October 16, 1974.
Plauche, Smith & Herbert by Andrew L. Plauche, II, Lake Charles, for defendant-appellant.
Jack L. Simms, Jr., Leesville, for plaintiff-appellee.
Before FRUGE, HOOD and DOMENGEAUX, JJ.
*674 DOMENGEAUX, Judge.
This is an action on an aircraft liability and hull insurance policy wherein the defendant, Ranger Insurance Company, insured a 1966 Cessna 172 airplane, which was totally destroyed in a crash at Ashdown, Arkansas, on April 22, 1972. Liability was denied by the defendant and this suit was filed by plaintiff to recover the value of the airplane as his insurable interest therein, as well as penalties and attorney's fees. From a judgment in favor of the plaintiff in the amount of $770.00[1] the defendant has appealed. Plaintiff answered the appeal seeking penalties and attorney's fees, which were rejected in the original judgment.
Arlin Smith, the plaintiff herein, was engaged in the business of giving flight instructions and rental of aircraft in Leesville, Louisiana, for approximately one and one-half years prior to the present litigation. Plaintiff became the owner of the aforementioned Cessna 172 in October, 1971, and later that month the defendant issued Smith the aforementioned insurance policy on the plane. The following exclusionary language was included in said policy:
"This policy does not apply:
. . . . . .
4. to any Insured:
. . . . . .
(c) who operates or permits the aircraft to be operated for any unlawful purpose or any purpose other than as specified in the Declarations;"
The "Declarations" contained in the policy provided the following:
"PURPOSE(S) OF USE: The aircraft will be used only for the purposes indicated by `X':
. . . . . .
[X] (c) `Limited Commercial'. The term `Limited Commercial' is defined as including all the uses permitted in (a) and (b) above and including Student Instruction and Rental to pilots but excluding passenger carrying for hire or reward;"
The referred to (a) and (b) sections further provided:
"[ ] (a) `Pleasure and Business'. The term `Pleasure and Business' is defined as Personal and Pleasure use and use in direct connection with the Insured's business, excluding any operation for which a charge is made;
[ ] (b) `Industrial Aid'. The term `Industrial Aid' is defined as including the uses enumerated in the definition of `Pleasure and Business' and also includes transportation of executives, employees, guests and customers, excluding any operation for which a charge is made;"
On the day prior to the crash Daniel C. Nance, assistant superintendent of Leesville Lumber Company, called Arlin Smith and asked if the plaintiff would take him and two other parties to Arkansas the following day for business purposes. The plaintiff replied that he was "committed" but that he would try to find another pilot. Thereafter the plaintiff called Joe McKee, a local part-time pilot, and asked if he wanted to make the trip. McKee subsequently called Nance and arranged for the flight the following day. On April 22, 1972, McKee flew Nance and two associates, P. C. Shaddock and E. L. Connel, to Ashdown, Arkansas. On the takeoff from that airport at about 10:30 A.M. the plane *675 crashed. On May 22, 1972, the plaintiff filed a Proof of Loss with Ranger Insurance Company. By letter dated May 31 to the plaintiff's attorney, the defendant-insurer refused to honor its policy on the grounds that the flight, during which the airplane was destroyed, was a "charter" flight and not covered under the policy by reason of the aforementioned exclusions.
Plaintiff subsequently filed suit on September 15, 1972. After a trial on the merits the district judge ruled for the plaintiff, holding in essence that the defendants failed to prove the essentials of a contract of lease and as a result the exclusions in the policy were inapplicable.
Two issues are presented on this appeal:
(1) Whether the plaintiff is excluded from recovering for the total loss of his aircraft under the insurance policy issued by defendant?
(2) Whether penalties and attorney's fees are due?
In respect to the first issue, we direct our attention to the meaning (in the aforementioned exclusions) of the phrases "excluding passenger carrying for hire or reward" and "excluding any operation for which a charge is made". We opine that such phrases are unambiguous and self explanatory. The policy provided for coverage when the plane was used for personal and pleasure use, flight instructions, rental to pilots, and transporting other people, BUT excluding the carrying of passengers for "hire or reward". The record is clear that plaintiff's plane was carrying "passengers" on the morning it crashed. The crucial question is whether same were transported for "hire or reward". Was there to be an exchange of money for the service rendered?
The evidence in this regard is hopelessly confused and contradictory. The plaintiff testifies that he merely rented the plane to a certified pilot, Joe McKee, as was allowed in the policy provisions. He stated that he expected McKee to pay rental on the airplane. It was also his testimony that when Nance called the plaintiff to see about arranging a flight, nothing was discussed about price. However, the record (T.31) also contains a letter from the plaintiff to an insurance adjuster for the defendant indicating he "rented" the plane to Leesville Lumber Company.
McKee in turn testifies that he himself was not going to pay for the use of the plane and that he accepted the flight to get in free flying time. This in fact is somewhat corroborated by plaintiff's own testimony in the following response to a question concerning why McKee went on the trip. "To my knowledge Mr. McKee is a pilot and I always like to give them free time if I can, so I just assume that's the reason he went." (T.77) McKee further stated he was not hired to fly the plane or offered any amount in payment for doing so. It was his assumption that the plaintiff would be paid for the use of his plane.
Daniel Nance, who arranged for the plane, testified he didn't discuss rental with the plaintiff when he called. He also stated that the trip was essentially for business and that the Leesville Lumber Company paid for the use of planes on business trips. Essentially, however, his testimony was to the effect that he never received a bill from the plaintiff but he assumed the lumber company did since they were the ones renting the plane.
The other two passengers testified they didn't know who was paying for the use of the plane but imagined or assumed that the Leesville Lumber Company would.
Under the foregoing facts, to come within the exclusion, it was necessary that the defendant sustain the burden of proving that the plane was in effect leased or on a "charter flight" on the day of its crash. Such a transaction in our opinion comes within the purview of Louisiana Civil Code Articles 2673 and 2674 providing:
"Art. 2673. There are two species of contracts of lease, to wit:
1. The letting out of things.
2. The letting out of labor or industry.'
"Art. 2674. To let out a thing is a contract by which one of the parties binds *676 himself to grant to the other the enjoyment of a thing during a certain time for a certain stipulated price which the other binds himself to pay him."
Accordingly, it was necessary that the defendant prove the essentials of a lease. Civil Code Articles 2670 and 2671 provide:
"Art. 2670. To the contract of lease, as to that of sale, three things are absolutely necessary, to wit: the thing, the price, and the consent."
"Art. 2671. The price should be certain and determinate, and should consist of money. However, it may consist in a certain quantity of commodities, or even in a portion of the fruits yielded by the thing leased."
As aforementioned the trial court found evidence as to the element of price missing. In view of the foregoing evidence we cannot say that such a conclusion was manifestly erroneous. See: Hartford Fire Insurance Co. v. Roger Wilson, Inc., 252 So.2d 161 (La.App.3rd Cir. 1971). It is evident that the alleged price was not "certain and determinate" as required by Civil Code Art. 2671. It was not even shown by the defendant that there was any agreement as to price or that a certain party would pay. If in fact this was the case it would have been easy enough for the defendant insurer to have brought such evidence before the trial court by discovery methods. The insurer did not sustain its burden of proof in this respect.
Although we have serious doubts of plaintiff's veracity we are constrained by one of the most stringent rules of appellate review to affirm the trial judge's findings. The rule being that findings of fact, particularly when they involve the credibility of witnesses, may not be disturbed on appeal unless they are characterized by manifest error. See Hooper v. Wilkinson, 252 So.2d 137 (La.App.3rd Cir. 1971).
We must also consider the fact that provisions of insurance policies are to be strongly construed against the insurer, that a liberal interpretation of clauses exempting or limiting liability is not permitted, and that an insurer seeking to avoid liability under an exclusionary clause has the burden of proof. Snell v. Stein, 261 La. 358, 259 So.2d 876 (1972); Hartford Insurance Co. v. Roger Wilson, Inc., supra.
In regard to alleged penalties and attorney's fees due the plaintiff by reason of the defendant's arbitrary non-payment of the policy limits, we opine that a real and serious dispute existed as to whether the defendant-insurer was liable under the policy provisions. As a result we cannot say that its refusal was arbitrary and capricious under LSA R.S. 22:658.
For the above and foregoing reasons the judgment of the trial court is affirmed at defendant-appellant's costs.
Affirmed.
NOTES
[1] The insurance policy actually provided coverage in the amount of $7,000.00 less $500.00 deductible. Within the policy was also an endorsement providing payment of the unpaid balance due to the lienholder (National Bank of Bossier City) in case of total loss to the airplane. As a result of the crash defendant paid the lienholder the sum still owing on April 22, 1972, ($5,730) and as a result the bank assigned all of its rights under its promissory note to Ranger Ins. Co. Defendant in turn filed the aforementioned suit in reconvention. It was later stipulated that plaintiff's resulting monetary loss (excluding penalties and attorney's fees) was $770.00.