SAMUEL, Judge.
Edward J. Walsh instituted this suit, individually and as administrator of the estate of his minor son, Michael T. Walsh, against New Orleans Public Service, Inc. to recover the cost of medical expenses for himself and damages for personal injuries sustained by the boy as a result of an alleged bus accident. Defendant answered in the form of a general denial, alternatively pleading contributory negligence. Following trial on the merits, judgment was rendered dismissing plaintiff’s suit. Plaintiff has appealed.
The accident occurred on January 24, 1969 shortly after 3:15 p. m. at the corner o,f Tchoupitoulas Street and Henry Clay Avenue in the City of New Orleans. Testimony relative to the occurrence of the accident was given by the minor son (15 years old at the time of the accident) ; Edwin J. Cramer, a witness who testified on behalf of the plaintiff; and Joseph Lupo, driver of defendant bus.
Michael testified: On his way home from high school, he boarded the Tchoupi-toulas bus at Annunciation Street and Jackson Avenue. After the bus passed Webster Street, a two-block interval before his stop on Henry Clay Avenue, he walked to the front of the bus, stepped down to the first step, and placed his left hand on *506 the middle railing. He was carrying school books in his right hand. The bus was traveling about 25 to 35 miles per hour and slowed to 20 miles per hour when the door opened one-quarter to one-third of the distance before the bus stop. As the bus approached the corner of Henry Clay, it made a lurching or jerking motion throwing him off balance. The bus never came to a full stop. Michael went through the open door. He maintained his balance for a short time on the bottom step, but continued to be thrown through the door. After he went through the door he tripped, rolled over on his side and landed on his back in the street. He saw the bus driver looking at him as the bus continued on its way down Tchoupitoulas Street. Michael got up, walked across the street, spoke to three boys seated cater-corner on Henry Clay who had witnessed the accident, and then walked one-half block to his home. After he arrived home his mother sent him to the bus turnaround at Audubon Park and Tchoupitoulas Street, where he got the number from the rear of the bus and then told the driver what had happened. According to Michael, the driver had no recollection of the accident but gave Michael his name and driver number and asked the boy for his name and address.
Edwin J. Cramer testified: At the time the bus approached' the intersection of Henry Clay and Tchoupitoulas, he and another friend were on the opposite or river side of Henry Clay and Tchoupitoulas. They saw the bus traveling about five to ten miles per hour when it suddenly pulled over and the door opened' about ten feet from the corner. The bus slowed down but never came to a complete stop and Michael Walsh either slipped or fell out of the bus and the bus pulled off. Walsh fell awkwardly in a continuing motion landing on his arm and his back. The boys went over and helped him up and cleaned him off. Michael was bruised and his shirt and sweater were torn.
Joseph Lupo, the bus driver, testified: Michael and he were the only occupants on the bus at the time of the alleged accident. Young Michael rang the buzzer and the driver brought the bus to a slow stop at the corner of Tchoupitoulas and Henry Clay. When he opened the door, the boy rushed out and when he got to the last step he fell on his knees. Lupo got out of the bus and asked the boy if he was hurt or needed any help. The boy said no. Lupo got his name at that time. The driver was of the opinion the boy was in a hurry and lost his balance when he got to the last step. The next stop after Henry Clay was the Audubon Park stop at the end of the line. He had a five-, six-, or seven-minute layover at the end of the line-and saw young Michael as he was returning on the next trip at Tchoupitoulas Street and Nashville Avenue playing with two other children at the corner. He denied the boy ever came to the bus stop at the end of the line after the accident or spoke to him there.
The two versions of the accident are irreconcilable and the resolution of which is correct and which incorrect is solely a matter of credibility. A trial judge’s finding of fact based on the credibility of witnesses is reversible only for manifest error[1] and we find no such error here. Under the facts established by the testimony of the defendant’s driver, which testimony was accepted by the trial judge, we find no negligence on defendant’s part.
For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.

. Adams v. Concerts West, Insurance Company of North America and New Orleans Municipal Auditorium, La.App., 323 So.2d 493 handed down this day; Pailet v. Guillory, La.App., 315 So.2d 893; Conques v. Coleman, La.App., 315 So.2d 805; Smith v. Ranger Insurance Company, La.App., 301 So.2d 673; Cyrus v. Saragusa, La.App., 301 So.2d 427; Joseph v. Miranda, La.App., 301 So.2d 391; see also 2B La.Dig., Appeal and Error, &wkey;10O8.1(7).