333 So.2d 712 (1976)
Jerome W. JAHRMAN et al., Plaintiffs-Appellants,
v.
VALLEY AIR PARK, INC. et al., Defendants-Appellees.
No. 12918.
Court of Appeal of Louisiana, Second Circuit.
May 24, 1976.
Rehearing Denied July 7, 1976.
*713 Neblett, Fuhrer & Broussard by Leonard Fuhrer, Alexandria, for plaintiffs-appellants.
Theus, Grisham, Davis & Leigh by R. L. Davis, Jr., and Edwin K. Theus, Jr., Monroe, for defendants-appellees.
Before PRICE, MARVIN and JONES, JJ.
En Banc. Rehearing Denied July 7, 1976.
MARVIN, Judge.
Plaintiffs' ancestor was fatally injured while a passenger in the crash of a private airplane rented from defendant (Valley Air Park). The liability insurer of Valley Air Park, Gulf Insurance Company, was granted summary judgment dismissing plaintiffs' suit for wrongful death against Gulf as the alleged insurer of the pilot of the plane. Plaintiffs appeal. We affirm.
The sole issue is whether the pilot, who rented the airplane in Colorado from Valley Air Park, was an "insured" under the policy of insurance in question. Valley Air Park is a Colorado corporation. The pilot (Q. K. Jahrman) was a Colorado residdent. Decedent and his heirs resided in Texas and in Colorado. The airplane crashed in Franklin Parish on a return flight from New Orleans to Colorado. Plaintiffs and the defendant insurer, under a joint stipulation of fact, both moved for summary judgment on the issue of liability coverage. Plaintiffs' motion was denied.
The named insured is Valley Air Park. Section III of the policy contains these provisions:
"The unqualified word `insured' ... includes not only the named insured but also any person while using the aircraft... with the permission of the named insured. The provisions of this paragraph do not apply to:

* * * * * *
"(e) Any person, other than the named insured, while the aircraft is subject to any rental or lease agreement."
Plaintiffs contend the policy is ambiguous when other sections and endorsements such as those pertaining to "Use and Purposes," "Coverage" and pilot qualifications are considered with the section defining "insured." Each section, however, serves a different function and must be construed accordingly. For instance, the policy would not afford coverage even to Valley Air Park if the pilot flying the aircraft did not meet the qualifications listed in the policy as pilot qualifications. If the pilot did meet the policy pilot qualifications, he would still have to meet the requirements of other sections to be said to be an insured.
We agree with the trial court's finding that no inconsistencies or ambiguities in the policy arise simply because different sections of the policy relate to "insureds," "coverage," "Use and Purposes" etc., each with its respective requirements and exclusions.
*714 One of the permitted uses of an aircraft under the policy is rental to others. Valley Air Park would be covered as to its liability but the person using the aircraft under a rental agreement would not be covered. The quoted provisions clearly state that they do not apply to any person, other than the named insured, while the aircraft is subject to any rental or lease.
Each counsel has cited cases of jurisdictions other than Louisiana and Colorado which enlighten us.[1] In Churchman v. Ingram, 56 So.2d 297 (La.App. 2d Cir. 1952), we held that the rights of a party injured in Louisiana are to be governed by our law as against an automobile public liability insurer under an insurance policy written in Texas for a Texas resident, notwithstanding that as between the insured and the insurer our state would apply Texas law where the contract was written. See also our decision in Sutton v. Langley, 330 So.2d 321 (La.App. 2d Cir. 1976). In any event, the law of Colorado as to construction of insurance policies does not apear to differ from our established rules of construction of contracts, according to our research into general authorities. See 44 C.J.S., verbo "Insurance," § 290 et seq. and Colorado cases cited therein.
"In the absence of ambiguity, ... it is the function of the court to construe and enforce the contract as written, even with respect to a restrictive provision... and regardless of whether it... works a hardship ..." (footnotes omitted) ibid., at pp. 1140-1142.
Finding no ambiguity, we hold that a pilot who rents the aircraft from the named insured under the subject policy, is not an "insured" under the policy because of the definition of insured.
At appellant's cost, judgment is
AFFIRMED.
NOTES
[1] Melton v. Ranger Ins. Co., 515 S.W.2d 371 (Tex.App.1974) is an excellently reasoned case which was quoted by the trial court. It is not controlling, however, in our opinion, either in Louisiana or in Colorado.