SAMUEL, Judge.
Plaintiff filed this suit for personal injuries resulting from a fall from a balcony in the New Orleans Municipal Auditorium while attending a rock music concert. Named defendants by original and supplemental petitions are the promotor, Concerts West, its insurer, Insurance Company of North America, the City of New Orleans and its liability insurer, Travelers Insurance Company. The answers of all defendants were in the form of a general denial, alternatively pleading contributory negligence. The City and Travelers filed a third party demand for indemnification against the other defendants in the event judgment was rendered against those third party plaintiffs.
Following trial on the merits, there was judgment in favor of all defendants dismissing plaintiff’s suit and the third party demand. Plaintiff has appealed.
Plaintiff’s version of the accident is that he arrived several hours early to get a good seat. But he lost that seat by going to the bathroom at a time when the auditorium was filled to the point of overcrowding. While standing in the darkened balcony in the overcrowded auditorium, he saw a man leave a seat in the first or second row. Intending to take that vacated seat, plaintiff descended the stairs. In doing so he tripped and fell into and over the balcony railing to the first floor. Although an ambulance was sent for, he left the concert with friends.
The defendants’ version of the incident is that the hall was well lighted, crowded not to the point of overcrowding, and that plaintiff appeared either to climb over the balcony railing, hang on, and lose his grip or to voluntarily jump over the railing.
The trial court was impressed with the testimony of a police officer who was an eye witness. The officer stated plaintiff’s descent from the balcony appeared to be a voluntary jump.
The record also reflects that when plaintiff initially related the history of the incident to his treating physician, he stated he had smoked two or three joints of marijuana and was “high” at the time of the accident, that he had been leaning against a wall and, when he started to take a step, had lost his balance and fell. On a subsequent visit, plaintiff read the history taken by his doctor and attempted to correct that record to show he had smoked the marijuana prior to the time he arrived at the hospital for medical treatment, rather than prior to the fall at the auditorium. The doctor refused to make the suggested correction and there is no doubt that the original history was given voluntarily and at a comparatively unsuspicious time.
This case involves purely a question of credibility. As the trial judge had the op *495 portunity to view and hear the witnesses, his findings may not be disturbed on appeal in the absence of manifest error.[1] We find no such error here.
For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.

. Pallet v. Guillory, La.App., 315 So.2d 893; Conques v. Coleman, La.App., 315 So.2d 805; Smith v. Ranger Insurance Company, La. App., 301 So.2d 673; Cyrus v. Saragusa, La.App., 301 So.2d 427; Joseph v. Miranda, La.App., 301 So.2d 391; see also 2B La.Dig., Appeal & Error, § 1008.1 (7).