MORIAL, Judge.
Freddie M. Netter instituted this suit, individually and as administrator of the estate of his minor son Eugene Netter, against New Orleans Public Service, Inc. (NOPSI) to recover the cost of medical expenses and damages for personal injuries sustained by the boy as a result of slipping in some vomitus on a NOPSI bus. The trial judge awarded judgment in favor of plaintiff in the amount of $726.47 in special damages and $3,500.00 for pain and suffering. Defendant appealed. Plaintiff answered the appeal asking for an increase in damages. We affirm.
Eugene Netter and a companion, Michael Gentry, boarded a NOPSI bus at Canal and Burgundy Streets on August 22, 1974 at approximately 11:00 A.M. The boys walked to the rear of the bus to be seated. Netter stated that he was watching where he was going but was not looking at the floor. As he was taking a seat he stepped into some vomitus on the floor between the two seats and slipped striking his left leg on the forward seat. He fell backward onto the seat *943 striking his back and elbow. He suffered a muscular and ligamentous injury to his upper back, a contusion of the left elbow and an abrasion on his left leg. Netter informed the driver of the accident at the next stop. The driver drove the bus on and stopped at Elysian Fields to notify a dispatcher. A supervisor was sent out to investigate the accident.
The issue to be resolved is whether or not the foreign matter was present on the bus floor for such a period of time so as to justify a finding that the defendant’s employee knew or by the exercise of reasonable care should have known of its presence on the floor.
Defendant argues that the evidence reflects that its driver employed reasonable inspection procedures on the day of the accident and that the trial court erred in finding that defendant failed to meet its duty of care to plaintiff. Defendant also argues that plaintiff was contributorily negligent in failing to watch where he was walking.
Where an injury allegedly results from some foreign substance placed in the aisle or on the floor of the public conveyance by some third person the plaintiff must show that the foreign substance was present and that the defendant’s employee knew or, by the exercise of reasonable care and diligence, should have known of the presence of such foreign substance and failed to remove it. Jones v. Baton Rouge Electric Co., 192 So. 539 (La.App. 1 Cir. 1989). However, motor carriers owe their passengers the duty of furnishing for them sound and safe vehicles for their passage, and this requirement carries with it the obligation of using the highest degree of care in constantly and vigilantly inspecting them and seeing that they are kept in repair. A mere casual or superficial examination not capable of revealing the presence of discoverable defects is not an adequate inspection to discharge the carrier’s duty. Johnson v. Continental Southern Lines, Inc., 113 So.2d 114 (La.App. 2 Cir. 1959).
The testimony with regard to the length of time the substance was present on the floor was conflicting. Plaintiff testified that the substance which was located near the window almost under the seat in front of him was about six inches in diameter and in a dried up condition. • Michael Gentry who accompanied plaintiff stated that the substance looked hard. Frank White, Jr., the bus driver stated that the matter had to be freshly there because he made an inspection of the bus at the end of the last run and had found nothing out of line. He also stated that he had thoroughly checked the bus before pulling out of the barn at 5:00 A.M. and found everything to be in order. Fred Whittingham, the NOPSI supervisor who investigated the accident testified that he observed a spot of fresh vomitas under one of the seats in the rear of the bus.
In his reasons for judgment the trial judge stated that he found the testimony of the plaintiff and his witness Gentry to be more credible than that of the defendant’s witnesses. He found that the defendant’s employee failed to make an adequate inspection of his vehicle. Faced with irreconcilable testimony on this factual issue, we find that we must affirm the decision of the trial court. A trial judge’s finding of fact based on the credibility of witnesses is reversible only for manifest error and we find no such error. Walsh v. New Orleans Public Service, Inc., 323 So.2d 505 (La.App. 4 Cir. 1975).
Furthermore, we do not find any evidence of negligence on the part of plaintiff. The record shows that the vomitas was located almost under the seat in front of plaintiff’s seat. We do not believe plaintiff was negligent in not observing the matter in this location.
Plaintiff argues that the damages are insufficient in light of plaintiff’s injuries. Plaintiff saw Dr. Walter Barial, his family physician on August 23, 1974, the day following his accident. The doctor found some tenderness in the thoracic region and elbow area. The elbow was swollen. X-rays were taken and the results were negative. Plaintiff was given muscle *944 relaxants and diathermy treatments. Dr. Barial last saw plaintiff on January 9, 1975 and plaintiff was still complaining of back pain. The doctor found no tenderness over the back nor in the elbow area at that time. The elbow was still somewhat swollen.
Plaintiff saw Dr. Roy Marrero, an orthopedic surgeon four times between September 19, 1974 and November 7, 1974. He discharged plaintiff on November 7 finding he had minimal elbow problems and that his thoracic problems were resolving themselves.
Dr. Gernon Brown, also an orthopedic surgeon saw plaintiff on April 14,1975. He found no objective evidence of injury or residual of injury.
Based on the above findings we find no abuse of the trial court’s discretion in awarding plaintiff $3,500.00 in general damages. Prattini v. Whorton, 326 So.2d 576 (La.App. 4 Cir. 1976); Thompson v. Russo, 328 So.2d 683 (La.App. 4 Cir. 1976).
For the foregoing reasons the judgment of the district court is affirmed.

AFFIRMED.