494 So.2d 1311 (1986)
Melba Johnnice BONNER, et al., Plaintiffs-Appellants,
v.
UNITED STATES FIRE INSURANCE COMPANY, et al., Defendants-Appellees.
No. 18033-CA.
Court of Appeal of Louisiana, Second Circuit.
September 24, 1986.
Writ Denied December 5, 1986.
*1312 Ferrell & Hubbard by Wayne E. Ferrell, Jr., Jackson, Miss., Lamothe & Hamilton by Frank E. Lamothe, III, New Orleans, for plaintiffs-appellants.
Christovich & Kearney by A.R. Christovich, Jr. and J. Warren Gardner, Jr., New Orleans, for defendants-appellees.
Before MARVIN, SEXTON and NORRIS, JJ.
MARVIN, Judge.
This action arose out of a crash, in 1980, of a private airplane owned by Bastrop Aircraft, Inc., in which the pilot who rented the aircraft and his three guest passengers were fatally injured.
The issues in this appeal concern whether the pilot, whose negligence caused the crash, was an omnibus insured under the liability coverage of the insurance policy written for Bastrop Aircraft, and whether Bastrop Aircraft was independently liable because of its own negligence or vicariously liable because of imputation of the pilot's negligence. Appellants are the widow and heirs of one of the decedent-passengers, Doyle Bonner. The trial court resolved these issues in favor of appellees, Bastrop Aircraft and its liability insurer.
We affirm.

FACTS
The pilot rented the aircraft in Bastrop on September 16 and flew to Oak Grove, a town east of Bastrop, intending to fly to Texas with friends the next day. The plane crashed about dawn on September 17 shortly after take-off from the Oak Grove airport, causing fatal injuries to its occupants. The liability insurer of the pilot compromised and settled the claims of the survivors of the other decedent-passengers during the course of litigation and before this appeal. Only the stated issues are now posed for resolution.

APPELLANTS' ARGUMENTS
Appellants urge that because no affirmative defenses were pleaded, Bastrop Aircraft and its insurer failed to meet their burden of avoiding coverage under the policy. The record emphatically supports the conclusion that this pilot rented the aircraft from Bastrop Aircraft. Appellants even alleged this fact. Evidence establishing the verbal rental agreement was elicited by all parties and without objection by appellants.
*1313 Where liability coverage under an omnibus insuring provision is at issue, it is the plaintiff who has the burden of proving that the terms of the insuring provision provide coverage. Where liability coverage is provided to a particular insured and the insurer relies on a policy exclusion in a separate section of the policy to defeat that coverage, the burden is on the insurer to plead and prove the exclusion. Compare Tison v. Fidelity and Casualty Company of New York, 181 So.2d 835 (La.App. 2d Cir.1965), and Washington v. Dixie Leasing of N.O., Inc., 352 So.2d 363 (La.App. 4th Cir.1977). Here, appellants rely on the omnibus insuring provision of the policy. This provision is contained in the first section of the policy entitled INSURING AGREEMENTS which consists of seven parts.[1] Subpart III of this section, which defines "Insured," states in pertinent part:
The ... word "insured" ... with respect to [liability] coverages a, b, c, and d, includes not only the named insured but any person while using ... the aircraft... with the permission of the named insured. * * *
[This] provision do[es] not apply: * * *
To any person operating the aircraft under the terms of any rental agreement... which provides any remuneration to the named insured for the use of the aircraft.

THE PILOT-RENTER AS AN "INSURED"
Two Louisiana cases have squarely held that similarly worded policies do not afford omnibus liability coverage to a pilot who rents the aircraft from the owner even though one of the permitted uses in the respective policy expressly contemplates that qualified pilots will rent the aircraft. In each instance, the pilot would have been an "insured" under the first part of the policy definition of an [omnibus] insured (using the aircraft with the permission of the "named insured"), but for the second part of the policy definition of insured which provides that omnibus liability coverage is not afforded to "any person, other than the named insured, while the aircraft is subject to any rental or lease agreement." Jahrman v. Valley Air Park, Inc., 333 So.2d 712 (La.App. 2d Cir.1976); Doyen v. Cessna Aircraft Co., 416 So.2d 1337 (La.App. 3d Cir.1982). The Bastrop Aircraft omnibus provision, quoted above, contains similar language in a policy which is similarly structured to the policies at issue in Jahrman and in Doyen. In Jahrman, we stated that each section of the policy serves a different function and that when the plane is rented, the owner would be covered as to its liability but the person using the aircraft under a rental agreement would not be covered.
Appellants contend that Jahrman should be distinguished because one of the uses of the aircraft permitted by this policy was "limited commercial," which is defined in the use section of the policy as including the use of the aircraft by a pilot to whom it was rented and because a specific premium was charged to Bastrop Aircraft for this contemplated use. We agree that we did not mention in Jahrman that such a premium was charged, but we discern no difference in the contention there and here which is based on the fact that the USE section of the policy recognized and permitted commercial use of the airplane.
Appellants orally argued that Doyen, supra, was "overturned by" and was settled after it was "reversed by" the Supreme Court of Louisiana in Doyen v. Cessna Aircraft Co., 425 So.2d 786 (La.App. 3d Cir.1982), hereafter called Doyen II. Doyen II was an opinion of the Third Circuit which was consolidated with and which followed Corley v. Gene Allen Air Service, Inc., 425 So.2d 781 (La.App. 3d Cir.1982).
The appeals in the above cited consolidated cases were from summary judgments *1314 and not from judgments rendered on the merits after a trial. Those appeals questioned whether summary judgment was appropriate to resolve the issues of either the independent or the vicarious liability of the owner of the airplane.
Counsel for appellants misreads not only the source but also the import of Doyen II. Jahrman and Doyen I, on the other hand, squarely addressed the issue of whether the pilot-renter of an airplane was an omnibus insured under the liability provisions of the policy of the owner of the airplane.
We are not concerned with the owner's right to recover for the loss of the aircraft. Cases such as Benton Casing Service v. Avemco, 379 So.2d 225 (La.1979), and Smith v. Ranger Insurance Company, 301 So.2d 673 (La.App. 3d Cir.1974), were concerned with that issue and, of course, are not controlling here. Furthermore, when we are considering whether the pilot-renter is an omnibus "insured" under the liability coverage, we are not concerned with either the independent or the vicarious liability of the owner as a "named insured" under the policy.
We adhere to the holdings of Jahrman and Doyen I. While a liability policy must be construed as a whole, each of the several sections of the policy (such as the definition of Insured in the Coverages section and the Use and Purposes section) must be recognized and considered as serving a different purpose and coverage. Jahrman, supra. No ambiguity in the liability coverage of the policy arises out of the fact that the use section of the policy expressly contemplates that the aircraft may be rented by the owner to a pilot and the insuring agreement section provides omnibus liability coverage only to a permittee-pilot who has not "rented" the aircraft and remunerated the owner. Doyen I, Jahrman, supra.
The fact that the insurer paid the owner for the loss of the aircraft under insuring agreement G (All Risks While in Motion) does not estop the insurer from contesting appellants' contention that the pilot was an omnibus insured under the liability coverage (A, B, C, D). The fact that the insurer paid the owner under Coverage G for the loss of the aircraft illustrates the Jahrman observation that the policy coverage varies under the several insuring agreements A through G as to who is insured against what risk or risks. Compare Benton Casing Service, cited supra.
Appellants have shown only that the pilot flew the aircraft with the permission of the named insured under the terms of a verbal rental agreement that provided remuneration to the named insured. In this circumstance appellants have failed to show that the pilot was within the definition of an "insured" under the liability coverage of the policy written for Bastrop Aircraft.

THE C.A.B. STANDARD ENDORSEMENT
Appellants do not refer us to any authority that construes this endorsement as creating omnibus liability coverage for the pilot. The purpose of the endorsement, stated in its first paragraph, is "to assure compliance by the Named Insured, an air taxi operator ..., with the provisions of Part 298 of the Economic Regulations of the Civil Aeronautics Board." The endorsement negates the authority of the insurer to cancel the liability insurance because of insolvency or bankruptcy of the named insured and obligates the insurer to pay all sums that the Named Insured shall be legally obligated to pay as damages resulting from the Named Insured's negligent operation, maintenance, or use of the aircraft in "air transportation" as that term is defined in federal statutes.
The endorsement states its own special exclusions which supercede and effectively delete the exclusions contained in the policy. When we construe the endorsement with the policy, we cannot agree that the endorsement created omnibus liability coverage for the pilot. Appellants have not shown that the aircraft was being operated as an "air taxi" by the Named Insured or by the pilot. More importantly, however, *1315 the "exclusion" of which appellants complain (a pilot renting the aircraft from the Named Insured) is not a true exclusion contained in the exclusions section of the policy, but is a part of the coverage or insuring agreements section of the policy stating what persons are insured against what particular risks that are covered in one or more of the insuring agreements. We hold that the CAB endorsement does not create omnibus liability coverage for the pilot who rents the aircraft from the owner, especially when no showing is made that the aircraft was being operated as an air taxi.

OWNER'S NEGLIGENCE
The pilot's ill-fated decision to take off about dawn on September 17 from the Oak Grove airport was not subject to the direct or indirect control of Bastrop Aircraft. The record supports the conclusions of the trial court that Bastrop Aircraft was not negligent in any respect, whether in its check-out procedures, in its entrustment of the aircraft to this particular pilot, or in its maintenance of the aircraft.
Appellants' argument that federal law pre-empts to impute the pilot's negligence is likewise misplaced. The Federal Aviation Program (49 U.S.C. § 1301 et seq.) regulates the licensing, inspection, and registration of aircraft and airmen. It does not provide tort liability but provides that nothing in the Program shall alter existing state law tort remedies, which historically have been left to the states. Rogers v. Ray Gardner Flying Service, 435 F.2d 1389, 1393-4 (5th Cir.1970); Sanz v. Renton Aviation, Inc., 511 F.2d 1027 (9th Cir. 1975).
Corley, cited supra, does not hold that federal law imposes vicarious liability on the aircraft owner. Corley, in an appeal from a summary judgment, stated that the genuine issue of the pilot's negligent conduct must be determined before the vicarious liability of the owner could be considered. In Louisiana, the negligence of one person is not to be imputed to another in the absence of a legal obligation on the part of the other person to respond for the fault of the negligent person. Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963); Sutton v. Rogers, 222 So.2d 504 (La.App. 2d Cir.1969). Appellants have not referred us to a rule of law that legally obligates Bastrop Aircraft to respond in damages for the negligence of the pilot to whom it rented the aircraft.

DECREE
For the reasons stated here and by the trial court, which we have summarized and supplemented, and at appellants' cost, we AFFIRM the judgment appealed.
NOTES
[1] The coverages under Part I of the INSURING AGREEMENTS section are as follows:

ABodily Injury Liability Excluding Passengers.
BPassenger Bodily Injury Liability.
CProperty Damage Liability. DSingle Limit Bodily Injury ... and Property Damage Liability.