203 So.2d 866 (1967)
George CLERK, Plaintiff and Appellant,
v.
The CONNECTICUT FIRE INSURANCE CO. et al., Defendants and Appellees.
No. 10864.
Court of Appeal of Louisiana, Second Circuit.
October 30, 1967.
Rehearing Denied November 28, 1967.
*867 Coon & Coon, Monroe, for appellant.
Hayes, Harkey & Smith, Monroe, Norris & Joiner, West Monroe, for appellees.
Before GLADNEY, AYRES and BOLIN, JJ.
BOLIN, Judge.
George Clerk was injured when he was shot with a pistol by Sam Ladart at the latter's place of business in Monroe, Louisiana. Clerk seeks damages against Ladart and Connecticut Fire Insurance Company. Liability against Connecticut is claimed under a standard "owners', landlords' and tenants' liability insurance policy" issued to Ladart as the named insured. For written reasons the trial judge concluded Ladart deliberately shot Clerk and under the terms of the policy and assault and battery committed by the insured was excluded from coverage. Accordingly, judgment was rendered in favor of plaintiff and against Ladart in the sum of $5000 but his demands against Connecticut Fire Insurance Company were rejected. Plaintiff appeals from that portion of the judgment rejecting his demands against Connecticut. As Ladart has neither appealed nor answered the appeal the judgment against him is not before us.
It is admitted in this court that the injury complained of was caused by Ladart's shooting Clerk and we are in full accord with the findings of the lower court that the shooting was intentional. The sole issue is whether the insurance policy affords liability benefits to an injured person who is the victim of assault and battery committed by the named insured.
The pertinent portions of Connecticut's policy provide as follows:
* * * * * *
"Connecticut agrees with the insured, named in the declarations made a part hereof, * * * subject to the limits of liability, exclusions, conditions and other terms of the policy:
INSURING AGREEMENTS
I. Coverage ABodily Injury Liability. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the hazards hereinafter defined.
Coverage BProperty Damage Liability. * * *

DEFINITIONS OF HAZARDS
Division 1.PremisesOperations. The ownership, maintenance or use of the premises, and all operations necessary or incidental thereto.
I. * * *
II. * * *
III. Definition of Insured. With respect to the insurance under Coverages A and B the unqualified word "insured" includes the named insured and also includes any executive officer, director or stockholder thereof while acting within the scope of his duties as such, and any organization or proprietor with respect to real estate management for the named insured. If the named insured is a partnership, the unqualified word "insured" also includes any partner therein but only with respect to his liability as such.
* * * * * *

*868 CONDITIONS
* * * * * *
3. Definitions.
* * * * * *
(d) Assault and Battery. Under Coverages A and B, assault and battery shall be deemed an accident unless committed by or at the direction of the insured."

(Emphasis ours) * * *
Appellant contends he was entitled to recover under the provisions of the policy and that even conceding his injuries resulted from an assault it was, nevertheless, an "accident". He further contends the Connecticut policy is divided into three principal parts, namely:
(1) insurance agreements
(2) exclusions
(3) conditions
Counsel for Clerk asserts Connecticut is not relying upon any of the exclusions provided in the policy but is attempting to escape liability under that portion of the policy referred to as "conditions". It is further contended the provisions of the policy are ambiguous and all such ambiguities should be construed against the insurer.
Connecticut argues that, considering the terms of the entire policy, assault and battery is not an accident if committed by the named insured who is an individual and hence there is no coverage.
The exact question involving an insurance policy containing the exact language is res nova in Louisiana. However, there are several well-established principles of law relative to insurance contracts which we feel are relevant. One such principle is that an insurance contract is a voluntary agreement between the parties and that any provisions may be inserted in the contract as the parties see fit provided they are not repugnant to law or against public policy. Lezina v. Fourth Jefferson Drainage District, (La.App., 4th Cir., 1966) 190 So.2d 97; writs refused 249 La. 835, 191 So.2d 639.
A contract of insurance should be given a fair, reasonable and sensible construction compatible with the apparent object and plain intention of the parties as expressed in the words of the agreement. The effect attributed to an insurance policy should be such as would be accorded its terms by an ordinary intelligent businessman, that is, a practical and reasonable interpretation rather than a literal one. Such a contract should not be given a strained, forced or unreasonable application or one which would enlarge or restrict its provisions beyond what is reasonably contemplated by its terms, or which would lead to an absurd conclusion. Loubat v. Audubon Life Ins. Co., 170 So.2d 745 (La.App. 1st Cir., 1964, affirmed 248 La. 183, 177 So.2d 281).
Admittedly, there have been several interpretations of similar clauses in insurance policies where coverage had been found, but such cases involved the question of whether the limitation applied to additional or omnibus assureds or merely to the named assured. Our courts have held that the clause applied only to the named insured. Rivers v. Brown, 168 So.2d 400 (La.App., 3rd Cir., 1964; writs den. 247 La. 250, 170 So.2d 509) where the assault was committed by an officer of the corporate assured; Jernigan v. Allstate Insurance Company, 269 F.2d 353 (5th Cir., La., 159; aff'd in 272 F.2d 857) which involved an assault committed by an omnibus assured under an automobile policy. However, in each of the cited cases the court pointed out that the policy did exclude coverage for assaults by the named insured.
We conclude the policy states in clear and unambiguous language that it applies to accidents and an assault and battery is an accident unless committed by Mr. Ladart. Where the provisions are stated with such clarity, we think it makes no difference whether the limitation of coverage *869 appears in the "exclusions" or in the "conditions" portion of the insurance contract. We hold that because plaintiff's injuries resulted from an assault and battery by Ladart, the named insured, the policy afforded no coverage. This conclusion is not only reasonable but is supported by the language from analogous Louisiana cases cited supra.
For the reasons assigned the judgment appealed from is affirmed at appellant's cost.
Affirmed.