LEMMON, Judge.
Herman L. Sabrier filed this suit against Central Mutual Insurance Company under his homeowner’s policy of insurance to recover his losses occasioned by the theft of an outboard motor, four rods and reels, and two ice chests. After a trial on the merits, judgment was rendered awarding Sabrier the value of these items, in addition to attorney’s fees, penalties and interest. Central Mutual appealed suspensively.
Since there was an alley in the rear of Sabrier’s residence and his yard was not fenced, he regularly kept his boat at the home of his sister-in-law in another section in the City of New Orleans. There the boat was parked in the carport within a fenced yard, the gates of which were kept locked. On the night of the theft the motor was chained to the boat, the rods and reels were on racks in open compartments in the side of the boat, and the ice *506 chests were on the deck in the stern of the boat.
The sole issue in this case is whether the theft exclusions contained in the policy are applicable to SabrieRs loss under these circumstances.
The general description of property covered under the policy included the insured’s unscheduled personal property while on the described premises or anywhere in the world. On the other hand, the theft exclusions contained in the policy applied only to losses away from the described premises. However, property in certain locations was deemed by the policy as being on the described premises. We must therefore first determine whether the loss occurred away from the described premises within the contemplation of the policy.
Pertinent is Section 10 of Perils Insured Against, which reads:
“10. Theft, meaning any act of stealing or attempt thereat.
“Unscheduled personal property contained in any bank, trust or safe deposit company, public warehouse or occupied dwelling not owned or occupied by or rented to an Insured in which the property covered has been placed for safekeeping shall be considered as being on the described premises.”

“c. Theft Exclusions applicable to property away from the described premises:
This policy does not apply to loss away from the described premises of:
* * * * * *
“(3) property while unattended in or on private watercraft unless the loss is the direct result of forcible entry into a securely locked compartment and provided there are visible marks of forcible entry upon the exterior of such compartment;
“(4) watercraft, their furnishings, equipment and outboard motors; * * * ” (Emphasis supplied)
In this case the property was placed for safekeeping at an occupied dwelling, which was not owned or occupied by or rented to an insured. Under the terms of the policy, property “contained in” such an occupied dwelling “shall be considered as being on the described premises.” This language raises the question of whether property on the carport is “contained in” the “occupied dwelling.”
We believe that property placed under a carport is simply not contained in the dwelling. The policy provision literally applies to property contained in the dwelling, and we construe this provision to be inapplicable to property outside the dwelling and on the carport.
We therefore conclude that the loss occurred away from the described premises.
Inasmuch as theft exclusions are applicable in this situation, the loss of the outboard motor by theft away from the described premises is specifically excluded from coverage by c(4).
However, Sabrier contends the rods, reels and ice chests are not properly classified as furnishings or equipment of watercraft and are not excluded by c(4). Even if we accept this contention, c(3) excludes from coverage any property while unattended on a private watercraft and not in a securely locked compartment.
Sabrier argues that the property was not unattended, since the occupants of the dwelling were at home when the theft occurred. We disagree. Under a reasonable interpretation of the intention of the policy and of the meaning of the words used, the property outside the dwelling was unattended while the occupants were inside.
Sabrier further argues that, since a compartment is “one of the parts or *507 spaces into which an area is subdivided,” the property within the confines of a padlocked fence was within a securely locked compartment. We also reject this argument. While a fenced yard may technically constitute a “compartment” or division of a larger plot of ground, it is unreasonable to construe this relatively open expanse of immovable property as a securely locked compartment within the contemplation of a theft insurance policy.
We conclude that the loss of the property by theft away from the described premises was excluded from coverage under the policy.
Accordingly, the judgment of the trial court is reversed, and judgment is now rendered dismissing plaintiff’s suit. All costs are assessed to plaintiff.
Reversed and rendered.