305 So.2d 676 (1974)
Ralph W. NUNN, Plaintiff-Appellee,
v.
The HANOVER INSURANCE COMPANY, Defendant-Appellant.
No. 12482.
Court of Appeal of Louisiana, Second Circuit.
December 10, 1974.
Rehearing Denied, January 21, 1975.
Writ Refused March 14, 1975.
Hayes, Harkey, Smith & Cascio by Joseph D. Cascio, Jr., Monroe, for defendant-appellant.
Holloway, Baker, Culpepper & Brunson by Bobby L. Culpepper, Jonesboro, for plaintiff-appellee.
Before BOLIN, HALL and DENNIS, JJ.
En Banc. Rehearing Denied, January 21, 1975.
BOLIN, Judge.
Hanover Insurance Company appeals suspensively from a judgment of the district court granting plaintiff insured recovery under a homeowners policy for the *677 theft of a boat, motor and trailer from his camp located approximately 40 miles from his residence in the Town of Hodge, Louisiana. The district judge assigned written reasons for his judgment wherein he found the loss was covered under the policy and, in any event, the terms thereof were so ambiguous as to warrant recovery. We reverse the judgment and reject plaintiff's demands.
The principal issue is whether Hanover's insurance policy afforded coverage to plaintiff for the theft of his boat, motor and trailer.
Hanover admits the policy was in effect at the time of the theft but denies coverage, contending this particular loss was specifically excluded by the terms of the policy. Alternatively, the insurance company contends that recovery, under the terms of the policy, is limited to $500 rather than the $700 awarded by the trial court.
The policy provides coverage in the following language:
"The described residence premises covered hereunder is located at the above address, unless otherwise stated herein. . . SOUTH THIRD STREET, HODGE, JACKSON PARISH, LOUISIANA."
Following the above provision is "Description of Property and Interests Covered". The provision relating to the controversy made basis of this suit is Section I, C:
"This policy covers unscheduled personal property usual or incidental to the occupancy of the premises as a dwelling and owned or used by an Insured, while on the described premises and, at the option of the Named Insured, owned by others while on the portion of the premises occupied exclusively by the Insured.
"This coverage also includes such unscheduled personal property while elsewhere than on the described premises, anywhere in the world:
1. owned or used by an Insured;. . ."
The perils insured against and specifically detailed in the policy include theft of unscheduled personal property. However, the policy contains the following exclusion relative to theft coverage in Section I, paragraph 11c, entitled "Theft Exclusions" applicable to property away from the described premises:
"This policy does not apply to loss away from the described premises of:
* * *
"(4) watercraft, their furnishings, equipment and outboard motors;
"(5) trailers, whether licensed or not."
Plaintiff resides in Hodge, Louisiana, on the premises designated as a dwelling located on South Third Street. Some time after the effective date of the policy in question, and while the policy was in force, plaintiff acquired a fishing camp near Campti, located 40 to 50 miles from his home. The boat and trailer rig were taken by plaintiff to his camp where he left it for approximately two weeks, during which time it was stolen from the camp.
Appellant company denied coverage, alleging that since the boat was stolen from the camp and not from the premises described in the policy, the loss was excluded under the specific theft exclusion quoted supra.
Appellee relies on provisions of the policy set forth under General Conditions, section 8, Definitions, (b) wherein "insured premises" is defined as "the residence premises described in Declarations of this policy." In subsection (c) "residence premises" is defined as "a one or two family dwelling building, appurtenant structures, grounds and private approaches thereto."
*678 An insurance policy is a contract between the parties and while all ambiguities must be construed in favor of the insured and against the insurer, courts have no authority to change or alter its terms under the guise of interpretation when these terms are couched in clear and unambiguous language. Edwards v. Life & Casualty Ins. Co., 210 La. 1024, 29 So.2d 50 (1946); Clerk v. Connecticut Fire Insurance Co., 203 So.2d 866 (La.App. 2d Cir. 1967), writ refused 251 La. 733, 206 So.2d 90.
We find the policy to be clear and unambiguous. The policy specifically excludes the theft of the subject property while "away from the described premises". The "residence premises" was described as being located at Hodge, Louisiana. The general provisions are not in conflict with other portions of the policy but merely define "residence premises" in order to distinguish it from business premises.
The judgment of the lower court is reversed and the demands of plaintiff are rejected at his cost.