HOOD, Judge.
John L. Van Norman instituted this suit against his homeowner’s insurance carrier, United States Fidelity & Guaranty Company, to recover under his policy for the theft of an outboard motor. The trial court rendered judgment in favor of plaintiff for the sum of $500.00. Defendant appealed.
The sole issue presented is whether the policy which defendant issued to plaintiff provided coverage for the theft of the outboard motor.
Sometime between June 14 and June 18, 1975, plaintiff’s 20-horsepower Mercury outboard motor was stolen from a boat shed in Cameron Parish. At the time the theft occurred, there was in effect a homeowner’s insurance policy which defendant had issued to plaintiff covering primarily plaintiff’s principal residence, located in the city of Lake Charles.
The theft occurred at a hunting and fishing camp which plaintiff and some other individuals had leased from the owner. The camp was situated several miles from plaintiff’s residence. Included as a part of the leased camp premises was a boat house or boat shed which was designed to accommodate five boats. The boat house was constructed with pilings extending into a navigable canal which bordered the camp property, and those pilings provided support for the roof and for walls on three sides of the structure. The walls enclosed the south, east and north sides of the boat shed, but the west side remained open into the canal, or into a boat basin which formed a part of the canal. The shed was designed so that boats could enter or leave it by water, without the necessity of having to open doors or to remove barriers. The only access to the boat house by land, that is, other than by water, was through a door located in the south wall. That door was kept locked with a padlock at all times when members of the hunting and fishing club were not at the camp.
At the time plaintiff’s outboard motor was stolen, it was attached and locked to the transom of an aluminum boat which was in the boat house. The boat at that time was positioned in the north stall, or in the north part of the boat shed, with the bow facing east and the stern extending westward to or near the open west side of the structure. The motor was locked to the transom of the boat with a locking device which was designed to prevent theft of the motor while it was attached to the transom. That locking device was broken when the theft was committed, and visible marks were found after the theft showing that the lock had been forcibly broken. The door in *432 the south wall of the boat shed remained locked while the theft was committed. The evidence shows, therefore, that entry into the boat shed was obtained by water, through the open west side of the boat shed, and not through the door on the south wall.
After the theft occurred, plaintiff made demand on defendant for the value of the stolen property. Defendant refused, contending that the policy specifically excluded coverage of the theft of an outboard motor.
The homeowner’s policy issued by defendant provides in Section 1, Coverage C, that it insures against theft of unscheduled personal property “while on the described premises,” and it stipulates further that:
“This coverage also includes unscheduled personal property while elsewhere than on the described premises, and anywhere in the world:
1. owned or used by an insured,. . ."
The policy, in Section 1, Coverage C, also contains several exclusionary clauses relating to coverage for theft of property while on the described premises and while located elsewhere. The following provisions are included among other exclusionary clauses in that part of the policy:
“c. Theft Exclusions applicable to property away from the described premises:
This policy does not apply to loss away from the described premises of:
* * :f: * * *
(3) property while unattended in or on private watercraft unless the loss is the direct result of forcible entry into a securely locked compartment and provided there are visible marks of forcible entry upon the exterior of such compartment;
(4) watercraft, their furnishings, equipment, and outboard motors; or
(5) trailers, whether licensed or not.”
Defendant contends that the policy specifically excludes coverage of the theft of “outboard motors” while “away from the described premises,” and that plaintiff thus is precluded from recovering under the policy the value of his stolen outboard motor.
The trial judge, accepting plaintiff’s arguments rather than those of defendant, found that the policy was ambiguous as to whether the theft of outboard motors was excluded from coverage, and in view of that finding he construed the policy as providing coverage of the theft of the motor involved here, “if the theft can be fitted into the exception provided in subsection (3) recited above.” He then concluded that the boat shed constituted a “securely locked compartment,” that “the signs of forcible entry on the transom of the boat sitting in the canal sufficiently complies with the requirement that the visible marks of entry be upon the compartment,” and that subsection (3) thus does not exclude theft of plaintiff’s outboard motor under the circumstances presented here. He thereupon held that the loss was covered by the policy, and he rendered judgment in favor of plaintiff.
In Nunn v. Hanover Insurance Company, 305 So.2d 676 (La.App. 2 Cir. 1974), a boat, motor and trailer were stolen from a camp located several miles from the residence of the insured. The insurance policy issued to the plaintiff in that case covered his residence, and it contained provisions identical to those in the policy involved in the instant suit. The Second Circuit Court of Appeal, after quoting the above exclusionary clauses, held that the policy was clear and unambiguous, that it specifically excluded the theft of the boat, motor and trailer while away from the described premises, and that plaintiff thus was not entitled to recover under the policy for the theft of those items.
The plaintiff in Sabrier v. Central Mutual Insurance Company, 269 So.2d 504 (La.App. 4 Cir. 1972), sued to recover under his homeowner’s policy of insurance the losses which he sustained from the theft of an outboard motor, some rods and reels and two ice chests, which were stolen from his boat while it was located away from the insured premises. The policy involved there contained the same provisions as are contained in the policy which is at issue in the instant *433 suit. The Fourth Circuit Court of Appeal held that the theft occurred away from the described premises, and that the theft of those items thus was excluded from coverage by the provisions of the policy. With reference to the outboard motor, the court said:
“Inasmuch as theft exclusions are applicable in this situation, the loss of the outboard motor by theft away from the described premises is specifically excluded from coverage by c(4).”
Plaintiff contends that Nunn is factually distinguishable. We are unable to distinguish it from the instant suit. We agree with the holdings in Nunn and in Sabrier, and believe that those cases are applicable here.
Plaintiff argues persuasively, however, that the policy is ambiguous in that subsection c(3) provides coverage for theft of outboard motors under some circumstances, whereas subsection c(4) purports to exclude coverage of theft of outboard motors under all circumstances. He also argues that the policy is ambiguous in providing coverage for the theft of property “while elsewhere than on the described premises,” and then providing that coverage is excluded under some conditions when the property is “away from the described premises.”
We have decided that the policy is clear and unambiguous. In our opinion, subsection c(3) applies to property other than watercraft, their furnishings, equipment and outboard motors, all of which are excluded from coverage under subsection c(4). There thus is no conflict between the provisions of those two subsections. We find nothing ambiguous about the policy which provides general coverage of theft of property while elsewhere than on the described premises, and then sets out specific types of property which are excluded from that coverage, or specific circumstances under which the coverage does not apply.
We are aware of the established jurisprudence which holds that where an exclusionary provision of a policy is vague and ambiguous the provision is strictly interpreted against the insurer and in favor of the insured. In this instance, however, we find no vagueness or ambiguity in the provisions of the contract. The policy specifically excludes coverage of theft of outboard motors away from the described premises. The theft of plaintiff’s outboard motor occurred away from the described premises, and the theft thus is excluded from coverage.
Since we have found that the theft of an outboard motor away from the described premises is excluded from coverage under any circumstances, it is unnecessary for us to consider plaintiff’s scholarly argument that the loss was the direct result of forcible entry into a securely locked compartment, with visible marks of forcible entry upon the exterior of such compartment, as provided in subsection c(3).
We conclude that the trial judge erred in holding that the policy provided coverage of the theft of plaintiff’s outboard motor under the circumstances presented here.
For the reasons assigned, the judgment appealed from is reversed, and judgment is hereby rendered in favor of the defendant, United States Fidelity & Guaranty Company, and against plaintiff, John L. Van Norman, rejecting plaintiff’s demands and dismissing this suit at his costs. The costs of this appeal are assessed to plaintiff-appel-lee.
REVERSED.
DOMENGEAUX, J., dissents and assigns reasons.
WATSON, J., dissents for reasons assigned by Judge DOMENGEAUX.