DOMENGEAUX, Judge,
dissenting.
I respectfully dissent.
The pertinent provisions of the homeowner’s policy at issue are set forth as follows:
“DESCRIPTION OF PROPERTY AND INTERESTS COVERED

Coverage C — Unscheduled Personal Property

*434 This coverage also includes such unscheduled personal property while elsewhere than on the described premises, anywhere in the world:
1. owned or used by an Insured; . .

PERILS INSURED AGAINST

10. Theft, meaning any act of stealing or attempt thereat, including loss of property from a known place under circumstances when a probability of theft exists. Unscheduled personal property contained in any bank, trust or safe deposit company, public warehouse or occupied dwelling not owned or occupied by or rented to an Insured in which the property covered has been placed for safekeeping shall be considered as being on the described premises.

c. Theft Exclusions applicable to property away from the described premises:
This policy does not apply to loss away from the described premises of:

(3) property while unattended in or on private watercraft unless the loss is the direct result of forcible entry into a securely locked compartment and provided there are visible marks of forcible entry upon the exterior of such compartment;
(4) watercraft, their furnishings, equipment and outboard motors;

Plaintiff contends that the above quoted provisions are ambiguous and should be construed against the insurer in order to provide coverage. Defendant assumes the opposite position.
The trial judge found the terms of the policy to be ambiguous, and I am inclined to agree with his determination. The initially quoted policy provision indicates that unscheduled personal property, owned or used by an insured, is covered anywhere in the world (C,l). Thereafter, the contract appears to extend coverage to unscheduled personal property contained in any occupied dwelling not occupied by an insured in which the property has been placed for safekeeping (10). This policy further clearly seems to extend coverage to unattended property on private watercraft if the loss is a result of forcible entry into a securely locked compartment (3). However, a subsequent contractual provision excludes “watercraft, their furnishings, equipment and outboard motors” (4). I find these two final clauses so mutually contradictory as to render their reconciliation virtually impossible.
Several apparent questions are raised after even a careful reading of the policy in question. Is the insured protected against loss of unscheduled personal property anywhere in the world? If such property, located away from the described premises and placed in an occupied dwelling for safekeeping, is to be considered as being on the described premises, why are there further exclusions directed toward only “property away from the described premises”? Is all equipment pertaining to watercraft excluded or only that which is not stolen as a “direct result of forcible entry into a securely locked compartment”?
Referring to the two above cited theft exclusions, (3) and (4), a reasonable interpretation thereof indicates that “watercraft, their furnishings, equipment and outboard motors” (4) are excluded unless they are stolen as a result of an occurrence contemplated by (3), “forcible entry into a securely locked compartment . . . ” Furthermore,what is a “securely locked compartment”? Is it a glove compartment or is it a warehouse? Both examples are “compartments” within the dictionary sense of the word.
My brothers of the majority rely upon the cases of Sabrier v. Central Mutual Insurance Company, 269 So.2d 504 (La.App. 4th Cir. 1972), and Nunn v. Hanover Insurance Company, 305 So.2d 676 (La.App. 2nd Cir. 1974), writ refused 309 So.2d 351 (La.1975) *435 in support of their position, cases readily distinguishable. I find both
In Sabrier the insured stored his boat, motor and fishing equipment at the home of a relative. The property was kept under an open carport which was surrounded by a locked fence. The Court applied exclusion C(4), supra, in holding that the boat, etc., were not covered. Clause C(3), supra, was obviously inapplicable since an open carport could hardly be considered a “securely locked compartment” as required by C(3).
Likewise, in Nunn, the court applied C(4) to find the insured’s boat, motor and trailer excluded from coverage. The Court therein made no mention of where the property was stored except to say that it was kept at plaintiff’s “camp”. I assume that had the property been stored in a “securely locked compartment” the issue raised thereby would have been discussed.
Neither Sabrier nor Nunn dealt with a factual situation requiring an interpretation of clause C(3). I believe that the situation presented by the instant case compels us to determine exactly what C(3) means.
As I have already stated, I am of the opinion that C(3) is an exception to the provisions of C(4). The majority feels that C(3) “applies to property other than watercraft, their furnishings, equipment and outboard motors . . . .” However, C(3) merely employs the broad term “property”, and I must admit that I am at a loss to determine what type of “property” one might reasonably expect to find on “private watercraft” if it be not “furnishings, equipment and outboard motors”.
In my opinion the policy provisions heretofore discussed are confusing and ambiguous at best.
Our law is well settled for the proposition that ambiguous clauses in insurance contracts must be construed against the insurer who prepared the policy. See Levy v. Duclaux, 324 So.2d 1 (La.App. 4th Cir. 1975), writ refused March 9, 1976; Rushing v. Protective National Insurance Company of Omaha, 315 So.2d 876 (La.App. 3rd Cir. 1975); and Smith v. Ranger Insurance Company, 301 So.2d 673 (La.App. 3rd Cir. 1974).
An insurer is under a duty to clearly express any limitations placed on coverage in order to place the insured on notice that he must take special measures to establish adequate protection for his property. If the coverage limitations are ambiguous the policy must be construed in favor of coverage. See Cotlar v. Gulf Insurance Company, 318 So.2d 923 (La.App. 4th Cir. 1975).
In cases of ambiguity the court should accept the policy interpretation most favorable to allow coverage to the insured. See Phillip Rosamond Drilling Company, Inc. v. St. Paul Fire and Marine Insurance Company, 305 So.2d 630 (La.App. 2nd Cir. 1974); Fuselier v. Louisiana Hospital Service, Inc., 260 So.2d 32 (La.App. 3rd Cir. 1972); Blanchard v. Hanover Insurance Company, 250 So.2d 484 (La.App. 1st Cir. 1971). See also the cases of Simmons v. American National Insurance Company, 199 So.2d 421 (La.App. 3rd Cir. 1967), and Wilks v. Allstate Insurance Company, 195 So.2d 390 (La.App. 3rd Cir. 1967), wherein this court stated:
“In cases of ambiguity, policy provisions are construed most favorably to the insured and against the insurer; of the permissible constructions, the courts will adopt that which effectuates coverage over that which defeats it.”
For the reasons assigned I respectfully dissent and would affirm the judgment of the district court extending coverage to plaintiff’s stolen property.