416 So.2d 960 (1982)
Connie Elkins HARVEY, Plaintiff-Appellee,
v.
MR. LYNN'S, INC., Doug Conn, Pat Wesson, and Argonaut Insurance Companies, Defendants-Third-Party Plaintiffs-Appellants,
Maryland Casualty Company, Third-Party Defendant-Appellee.
No. 14916.
Court of Appeal of Louisiana, Second Circuit.
June 15, 1982.
*961 Evans, Feist & Auer by Frank M. Auer, Shreveport, for plaintiff-appellee.
Richie & Richie by C. Vernon Richie, Shreveport, for defendant-third party plaintiffs-appellants, Mr. Lynn's, Inc., Doug Conn & Pat Wesson.
Cook, Yancey, King & Galloway by Charles G. Tutt, Shreveport, for third-party defendant-appellee, Maryland Cas. Co.
Before PRICE, HALL and JASPER E. JONES, JJ.
PRICE, Judge.
Defendants, Mr. Lynn's, Inc., Doug Conn and Pat Wesson, appeal the granting of a summary judgment dismissing their third party demands against Maryland Casualty Company, the insurer of the premises occupied by Mr. Lynn's, Inc. at 726 Cotton Street, Shreveport, under an owners', landlords', and tenants' liability policy (hereinafter OLT policy). We affirm.
To understand the posture of this case, a recitation of facts is necessary. According to the pleadings, on June 9, 1979, plaintiff, Connie Elkins Harvey, was injured in a fall at the Hilton Inn in Bossier City while performing in a fashion show sponsored and directed by Mr. Lynn's, Inc. Plaintiff filed suit against Mr. Lynn's, Inc., Doug Conn, and Pat Wesson, the managing officers of Mr. Lynn's, Inc., alleging that her injury was the result of the negligence of the defendants in the staging of the show. Plaintiff alleged that the stage on which she was performing had become slippery because of the use of certain props in the production of the show.
The defendants filed a third party demand against Maryland Casualty Company, alleging that any damages owed due to their negligence in the production of the fashion show was covered by an insurance policy issued by the insurer to Mr. Lynn's, Inc. They further alleged that under the terms of the policy, Maryland Casualty Company had an obligation to defend them in the main action.
Maryland Casualty Company filed a motion for summary judgment, supported by the OLT policy which was issued to Mr. Lynn's, Inc. The affidavits submitted in opposition to the motion for summary judgment show that Mr. Lynn's, Inc., operates a modeling school and also secures assignments for its models on a commission basis. Plaintiff was employed by Mr. Lynn's, Inc., as both an instructor at the modeling school and as a professional model. The affidavits further show that the fashion show in which plaintiff sustained her injuries was being performed without charge to the Hilton Inn. The basic purpose of this show was to advertise the services of defendants and the models with the hope of securing compensated modeling contracts in the future.
The OLT policy in question provides coverage for bodily injury:
... caused by an occurrence and arising out of the ownership, maintenance, or use of the insured premises and all operations necessary or incidental thereto ...
*962 As pertinent to this case, insured premises are defined as "the premises designated in the declarations." The declaration sheet of the policy lists the address as 726 Cotton Street, Shreveport, Louisiana.
Defendants contend that the policy issued by Maryland Casualty Company is a general liability policy and is not limited solely to OLT coverage. They further contend that even if the contract in question provides only OLT coverage, the fashion show in which plaintiff was injured arose out of an operation "necessary or incidental" to the use of the insured premises. They allege that the fashion show was incidental to the operation of Mr. Lynn's, Inc., which uses the insured premises. Therefore, the fashion show was incidental to the use of the premises. They also contend that since there is no provision specifically excluding off-premise occurrences, the accident at the Hilton Inn should be covered by the policy. Finally, defendants argue that the provisions of the policy are ambiguous, thus the policy must be construed liberally in favor of the insured and against the insurer.
Contracts of insurance must be construed as a whole. While the labels and headings of the respective sections of the contract are pertinent, one section or its placement should not be construed separately and so as to disregard other sections or placements. Benton Casing Service, Inc. v. Avemco Ins. Co., 379 So.2d 225 (La.1979).
An insurance contract should be given a fair and reasonable construction that is in keeping with the plain intention of the parties as expressed in the words of the agreement. The contract should not be interpreted in a strained, forced, or unreasonable manner which would enlarge or restrict its provisions beyond what is reasonably contemplated by its terms. Clerk v. Connecticut Fire Ins. Co., 203 So.2d 866 (La.App. 2d Cir. 1967), writ denied 251 La. 733, 206 So.2d 90; Schmieder v. State Farm Fire & Casualty Co., 339 So.2d 390 (La.App. 1st Cir. 1976), writ denied, 341 So.2d 895 (La.).
Construing the insurance policy as a whole, we find the contract is not ambiguous, confusing, or uncertain as to what coverage is provided. Although the standard version of this policy can provide coverage for various types of liability, a study of the declarations page shows that the only coverage part purchased by Mr. Lynn's, Inc., was owners', landlords' and tenants' liability. This coverage properly pertains only to those claims which arise out of the ownership, maintenance, or use of the insured premises and all operations necessary or incidental to such ownership, maintenance, or use.
The purpose of owners', landlords' and tenants' liability insurance is to protect against liability arising from the condition or use of a building. This must be distinguished from insurance against liability arising from the nature of the enterprise or activity conducted therein. Put another way, an OLT policy does not cover liability arising from the type of business activity which the insured conducts in the building. See 11 Couch on Insurance 2d, § 44:372 (2nd Ed. 1963).
The pleadings in this case indicate that the alleged injury sustained by plaintiff arose out of the use of the Hilton Inn premises, not the premises insured by Mr. Lynn's, Inc. Thus under the very terms of the insurance policy, no coverage is provided.
Since the provisions of the insurance policy clearly preclude coverage, the insurer is under no duty to defend the main action. West Brothers of DeRidder, Louisiana v. Morgan Roofing, 376 So.2d 345 (La.App. 3rd Cir. 1979).
For the reasons assigned, the judgment appealed is affirmed at defendants' costs.