ALFORD, Judge.
Plaintiff, Carroll Matherne, d/b/a Mark Boat Rentals, filed this suit for a declaratory judgment against defendant, Hartford Fire Insurance Company (hereinafter referred to as Hartford), seeking a resolution to a dispute which had arisen over the amount of the deductible in a policy of marine insurance defendant had sold to plaintiff. After a trial on the merits, the lower court held in favor of the defendant; plaintiff now appeals this decision alleging two specifications of error.
Plaintiff, d/b/a Mark Boat Rentals, was the owner of the crewboat “Ruby Jewel”. The record reflects that Hartford was the protection and indemnity insurer of Mark Boat Rentals with the “Ruby Jewel” listed in the schedule of vessels under the policy. The protection and indemnity liability limits were stated to be $100,000. In February, 1973, a worker on the “Ruby Jewel”, Jimmy Creel, slipped on oil on the deck and severely injured his back. As a result of this accident, Creel filed suit in the United States District Court for the Eastern District of Louisiana. Because plaintiffs business was not incorporated, and because of the serious nature of Creel’s injuries, Hartford felt that Creel’s damages might exceed the $100,000 liability limit and result in personal exposure for plaintiff. Thus, at the conclusion of discovery and shortly before the trial was to begin, Hartford succeeded in negotiating a settlement of Creel’s lawsuit for the $100,000 limits.
Prior to this settlement, a dispute arose between plaintiff and defendant as to the amount of the deductible in the policy defendant issued to plaintiff. Carroll Math-erne contended that the amount of the deductible was $2,500, Hartford contended that the amount was $25,000. To resolve the dispute, an agreement was entered into between plaintiff and defendant whereby Matherne deposited the sum of $25,000 into an interest bearing homestead account and Hartford paid to Creel $100,000 in return for a complete release and dismissal of the lawsuit. This declaratory action was then initiated between plaintiff and defendant to determine the amount of the deductible. La.C.C.P. art. 1872. As noted above, the trial judge held in favor of the defendant; the court declared the amount of the deductible to be $25,000. Plaintiff appeals.
Plaintiff’s two specifications of error can be combined into one argument: plaintiff alleges the trial judge erred when he failed to give sufficient weight and consideration to the testimony of plaintiff’s witnesses. Essentially, plaintiff argues that he was *148 prejudiced by an incorrect invocation of the parole evidence rule.
At the trial of this matter, the parties presented only three witnesses. The plaintiff’s witnesses were Carroll Matherne and Phoebe Buquet, one-time secretary for plaintiffs company. Defendant’s witness was Robert Lavery, an executive with Hartford and at one time Ocean Marine manager for the defendant in the southeastern part of Louisiana. Six exhibits were introduced. The evidence contained in these exhibits formed the basis for the decision of the lower court and their analysis will also form the basis of our opinion.
The exhibit labeled Hartford 1 is a certified copy of a policy (numbered 43 OM 431978) defendant issued to an entity titled Statco, Inc. In this policy, the “Ruby Jewel” is listed in the schedule of vessels, the liability limit is $100,000 and the deductible is $2,500. Endorsement number 7 forming a part of the above numbered policy raises the deductible to $25,000 in return for a decrease in the premium. The effective date of this endorsement, just as the effective date of the original policy, is stated to be “12/12/72”. The policy period is one year.
The exhibit numbered Hartford 2 is a certified copy of policy number 43 OM 431991 which Hartford issued to Mark Boat Rental. This policy also has the “Ruby Jewel” listed in the schedule of vessels, a $100,000 liability limit and a deductible of $2,500 listed on the declarations page. However, this second policy also has an endorsement number 7 which raises the deductible from $2,500 to $25,000. The effective date of this second policy and endorsement was stated to be “12/12/72”, the same as the policy labeled Hartford 1 and the policy period is also one year. Apparently, this second policy was substituted for the first because Mark Boat Rental, not Statco, Inc., was the true owner of the “Ruby Jewel”. In any case, these exhibits establish that with endorsement number 7, the deductible was increased from $2,500 to $25,000. Based upon these exhibits and the testimony of Robert Lavery, the trial judge held in defendant’s favor.
In his brief, plaintiff argues that although he is not certain, he thinks a misapplication of the parole evidence rule prevented the lower court from considering the testimony of his witnesses. This is simply incorrect. The testimony of plaintiff’s witnesses was very brief and established only one point: That after searching through various bookkeeping records, Phoebe Buquet could not find any notation that plaintiff ever received a return premium from defendant reflecting a refund due to the increase in the deductible. Plaintiff simply testified that he could not remember the $2,500 deductible ever being changed. The record reflects that the trial judge listened attentively to this testimony. More importantly, the record also reflects that when defendant objected on the grounds that the testimony of Matherne was not the best evidence of what was contained in the policy, the trial judge permitted Matherne to answer the question posited to him. The plaintiff’s contention that the parole evidence rule was misapplied is rejected.
Of more serious concern to us is a discrepancy which exists between the declarations page of the policy issued to Mark Boat Rentals (43 OM 431991) and the contents of the policy itself, specifically endorsement number 7. On the first, or declarations page of the policy, immediately below the item numbered 4, and enclosed by dark lines obviously intended to highlight the item, appears the following heading: “Form Numbers of Endorsements forming part of policy at issue (Insert No.).” Below this heading is typed these words: “SP-39C SP-38 Endorsement # 1 through 5.” Of course the endorsement increasing the deductible is numbered 7. Thus, endorsements 6 through 8 are not noted on the declaration page of the policy, and as such, the question we must answer is whether endorsement 7 is validly part of the policy issued to Mark Boat Rentals.
In this regard it would be well to remember that the certified copy of the insurance policy admitted into evidence has endorse *149 ment number 7 attached to the main part of the contract. On the other hand, the plaintiff simply testified he could not recollect the deductible having ever been changed. He did not present any evidence contradicting the certified policy entered into the record, rather he merely testified that he never remembers having the deductible increased.
Additionally, on the last page of the protection and indemnity clause of the policy, which is the section of the contract Jimmy Creel sought and obtained recovery under, at line number 113 appears the following words: “Special Conditions — Warranties— Endorsements, Etc.” Below this line is a large blank space of about two inches, and then line 114 follows. Line 114 states, “Attached to and made part of Policy No. 43 OM 431991 [the policy at issue] of the Hartford Fire Ins. Co.”. Immediately following this page, the eight endorsements to the policy are attached.
It is important to note that endorsement number 7, similar to all other endorsements, was physically attached to and made a part of the principal contract of insurance filed in the record. Furthermore, the endorsement itself contains the following language:
This endorsement forms a part of Policy No. 43 OM 431991 issued by THE HARTFORD INSURANCE GROUP company designated therein, and takes effect as of the effective date of said policy unless another effective date is stated herein.
In this respect, we note La.R.S. 22:628 which provides in pertinent part:
No agreement in conflict with, modifying, or extending the coverage of any contract of insurance shall be valid unless it is in writing and physically made a part of the policy or other written evidence of insurance, or it is incorporated in the policy or other written evidence of insurance by specific reference to another policy or written evidence of insurance.
As noted previously, endorsement 7 was in writing and physically made a part of the main policy. Also, it was incorporated into the contract of insurance not only by its own terms, but more importantly, by the terms of the principal policy.
In this suit for a declaratory judgment, we must consider the facts, weigh the evidence, and then determine, as in other civil suits, whether the trial judge’s decision was “clearly wrong”. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Fortenberry v. Dixie Brewing Company, Inc., 368 So.2d 1240 (La.App. 4th Cir.1979). Finding that the policy in question was not ambiguous or subject to interpretation, the lower court held for the defendant. When one studies the only evidence submitted in this case, it is clear that the entire policy admitted into evidence included all endorsements, and given the testimony and exhibits in the record, we think it is safe to assume the plaintiff had the entire contract of insurance, including all endorsements, in his possession.
While it is well settled that any ambiguity in an insurance contract must be resolved against the insurer and in favor of the insured (Graham v. Equity National Life Insurance Company, 373 So.2d 988 [La.App. 3rd Cir.1979]; writ denied, 376 So.2d 319 [La.1979] and 376 So.2d 320 [La.1979]), it is equally true that contracts of insurance must be construed as a whole. While the labels and headings of the respective sections of the contract are pertinent, one section or its placement should not be construed separately so as to disregard other sections or placements. Benton Casing Service, Inc. v. Avemco Insurance Company, 379 So.2d 225 (La.1979); Harvey v. Mr. Lynn’s, Inc., 416 So.2d 960 (La.App. 2nd Cir.1982).
When we give the policy in question a fair and reasonable construction in keeping with the intention of the parties as expressed in the words of the entire contract of insurance, we think that endorsement number 7 should be given force and effect. The only truly objective evidence submitted in this case supports the trial judge’s decision. Reading the contract of insurance as a whole, a conclusion that the trial judge was not manifestly erroneous is warranted. *150 As such, the lower court’s decision will be affirmed at appellant’s costs.
AFFIRMED.