507 So.2d 255 (1987)
Cedric Patrick HALL, Plaintiff-Appellant,
v.
NORTH EAST INSURANCE COMPANY, et al., Defendants-Appellees.
No. 86-243.
Court of Appeal of Louisiana, Third Circuit.
May 13, 1987.
Rehearing Denied June 10, 1987.
J. Michael Veron and Rudie Soileau, Jr., of Scofield, Bergstedt, Gerard, Mount & Veron, P.C., Lake Charles, for plaintiff-appellant.
*256 Plauche, Smith and Nieset, Frank M. Walker, Jr., H. Gayle Marshall, Brame, Bergstedt & Brame, Joe A. Brame, Lake Charles, for defendants-appellees.
Taylor L. Caffery, Dept. of Health and Human Resource, Baton Rouge, for appellee.
Before DOMENGEAUX, FORET, KNOLL, GUIDRY and STOKER, JJ.
FORET, Judge.
Plaintiff, Cedric Hall, suffered a gunshot wound to the head at a nightclub operated by Mr. F. Figure 8, Inc., owned by Freeman Lavergne, and insured by North East Insurance Company (North East). Two of the defendants, Freeman Lavergne and his insurer, North East, filed separate motions for summary judgment. The trial court denied the motion filed by Lavergne but granted the motion filed by North East.
Plaintiff has appealed the trial court's ruling dismissing North East as a defendant in this action. Despite the multiple parties involved in this suit[1], the sole issue presented by this appeal is limited to the right of North East to a summary dismissal from this suit.
Hall filed suit against Freeman Lavergne as owner and operator of the Mr. F. Figure 8 Club, Mr. F. Figure 8, Inc., Robert Lee Bell, and North East Insurance Company, the insurer of Freeman P. Lavergne. Plaintiff's petition alleged that Robert Lee Bell was employed as a doorman, ticket taker, and/or bouncer and was present at the door of the nightclub when Hall and his companion paid their cover charge and gained admission to the club. Hall alleges that the remaining defendants are liable for the actions of defendant Bell for the reason that Bell's action occurred during the course and scope of his employment; if Bell is not employed by the club, he was allowed to enter the premises armed with a deadly weapon, and ultimately seriously injured the plaintiff with no action being taken by the club or its employees to remedy the situation; the club, its owners and operators, were generally negligent in causing plaintiff's injuries by failing to secure the premises adequately and to take such measures as were reasonably foreseeable and necessary to secure order and protect patrons from injury; the club, its owners and operators were further negligent in that they knew or should have known of the propensity for wrongful conduct on the part of defendant Bell, and they knew or should have known that Bell frequented the club prior to the time of the accident and failed to take the necessary steps to exclude him from the club; and the club, its owners and operators, either directly or through their agents and employees, had knowledge and were aware that Bell was armed with a handgun on the night in question prior to the shooting described and failed to take any steps to protect patrons from the clear danger presented.

FACTS
According to the record, on March 8, 1984, Cedric Hall entered the premises known as the Mr. F. Figure 8 Club at 654 Enterprise Boulevard, Lake Charles, Louisiana. He arrived sometime around midnight and, soon after entry, was accosted by Robert Lee Bell. Bell shot Hall in the head, causing him to suffer severe neurological damage.
Mr. F. Figure 8, Inc. operated the nightclub, Mr. F. Figure 8, on premises owned by Freeman P. Lavergne. Additionally, Lavergne was the initial incorporator of Mr. F. Figure 8, Inc. Lavergne claims that his only interest was the receipt of weekly rentals of $250.
North East issued Policy # GL56-32-881 to Freeman Lavergne. This policy is styled *257 an Owners', Lessors' and Tenants' Policy. The policy in question provides:
"The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of

A. bodily injury or

B. property damage
to which this insurance applies, caused by an occurrence and arising out of the ownership, maintenance or use of the insured premises and all operations necessary or incidental thereto,...."
(Emphasis ours)
Plaintiff contends that the policy issued by North East is a general comprehensive liability policy and is not limited solely to OLT coverage. North East contends that under no theory of Louisiana law can any liability be imposed against their insured, Lavergne. North East also contends that the policy section concerning the serving of liquor on the premises is a policy exclusion and therefore bodily injury resulting from the business of distributing, selling, or serving any alcoholic beverages is excluded[2]. Additionally, and in the alternative, North East contends that Lavergne is guilty of material misrepresentations sufficient to vitiate the policy if he is found to be the nightclub operator.
The trial court held that the policy issued by North East was not a general liability policy and that therefore the policy did not apply to the facts herein where one patron shoots another patron on the premises. The trial court held that the policy covered only premises liability.

SUMMARY JUDGMENT PROPERLY GRANTED?
A summary judgment may not be granted if there exists any real doubt as to the existence of a genuine issue of material fact; all reasonable doubts are to be resolved against the granting of a summary judgment. American Bank & Trust Company v. Sunbelt Environmental Systems, Inc., 451 So.2d 1111 (La.App. 1 Cir.1984). The mover has the burden of showing that he is entitled to judgment in his favor, given the facts. Id.
North East relies primarily on the insurance policy issued to Freeman Lavergne. An insurance contract must be construed as a whole. Harvey v. Mr. Lynn's, Inc., 416 So.2d 960 (La.App. 2 Cir.1982). Construing this policy as a whole, we find that the only coverage purchased by Freeman P. Lavergne was owners', landlords' and tenants' liability insurance. This type of coverage pertains only to claims arising out of the ownership, maintenance, or use of the insured premises and all operations necessary or incidental to such ownership, maintenance, or use. Harvey, supra. (Emphasis ours.)
"The purpose of owners', landlords' and tenants' liability insurance is to protect against liability arising from the condition or use of a building. This must be distinguished from insurance against liability arising from the nature of the enterprise or activity conducted therein. Put another way, an OLT policy does not cover liability arising from the type of business activity which the insured conducts in the building."

Harvey, supra, at 962 and authorities cited therein.
The policy initially says that,
"The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of
A. bodily injury...."
(Emphasis ours.)
Because of the all-encompassing allegations in plaintiff's petition for damages for personal injuries, we believe that there is an issue as to Lavergne's liability under Louisiana law. Consequently, North East Insurance Company may have to pay on behalf of Lavergne any sums which Lavergne *258 will become legally obligated to pay to Hall.
Freeman Lavergne was a designated agent for service of process of Mr. F. Figure 8, Inc.; Lavergne was also an original incorporator. In his answer, Lavergne claimed no involvement with the operation of Mr. F. Figure 8 Club; however, by way of deposition he repeatedly revealed his knowledge of persons employed, their duties and working schedules. He appeared at the scene of the shooting within minutes of the incident.
Lavergne admitted to inspecting the club two to three times per week, after he had sent one of his employees there to inspect the club. He stated that the police had never been to the club before, because previously there were only minor altercations at the club.
Lavergne's detailed information concerning the club's operation raises considerable doubt in our minds concerning the factual issues of whether Lavergne was the operator and/or manager of the Mr. F. Figure 8 Club. Hall's petition alleges several grounds for piercing the corporate veil, and the record contains sufficient factors to question whether or not Mr. F. Figure 8's business was conducted on a corporate footing.
Should Mr. F. Figure 8's corporate veil be pierced, should Lavergne be found to be the operator and/or manager of the club in question, and considering all of the pleadings and information in the record, we believe there are genuine issues of material fact, thus precluding summary judgment. Swindle v. Haughton Wood Co., Inc., 458 So.2d 992 (La.App. 2 Cir.1984).
North East Insurance Company filed a motion to exclude from the appellate record the deposition of one of the defendants, Robert Lee Bell. Plaintiff-appellant contends that the deposition of Robert Lee Bell was offered both in support of the motion for rehearing addressing the North East motion for summary judgment and in opposition to the separate motion filed by Freeman Lavergne, which motion is not before this Court. North East contends the motion for summary judgment on behalf of North East was heard on December 17, 1985, and that the trial court ruled from the bench in favor of North East on that day. Formal judgment granting North East's motion for summary judgment was signed on January 2, 1986. On January 10, 1986, plaintiff filed a motion for rehearing or, alternatively, for an assignment of written reasons on North East's summary judgment. Plaintiff's motion was set for hearing for January 28, 1986. On January 20, 1986, plaintiff's counsel deposed Robert Lee Bell and on January 24, 1986, mailed a copy of Bell's deposition to the clerk's office for filing. North East alleges that it did not receive a copy of the transmittal letter. On January 28, 1986, Freeman Lavergne filed a motion for summary judgment, which was also fixed for hearing. On January 28, 1986, the trial court denied plaintiff's motion for rehearing as to the North East summary judgment. At that time, the deposition of Bell was neither offered nor admitted in connection with that rehearing. However, the deposition of Robert Bell was offered by plaintiff and admitted in connection with the hearing on the motion for summary judgment filed by Freeman Lavergne and, based upon the factual dispute created by Bell's deposition, the trial court denied Lavergne's motion for summary judgment.
We need not decide on the motion to exclude Bell's deposition from the appellate record as our decision in this case is based primarily upon Lavergne's statements, plaintiff's allegations in his petition, and other supporting documentation found in the record without considering Bell's deposition.
For the foregoing reasons, we reverse the trial court's grant of the motion for summary judgment on behalf of North East Insurance Company. We reverse the dismissal of North East Insurance Company, Inc. as a defendant from this case and reinstate it as a defendant in this case.
Costs of these proceedings and in the trial court are assessed against North East Insurance Company, Inc.
REVERSED.
*259 STOKER, J., concurs.
DOMENGEAUX, J., dissents and assigns reasons.
DOMENGEAUX, Judge, dissenting.
I respectfully disagree, and conclude that the summary judgment was properly granted.
The trial judge correctly found that the policy involved is an OLT policy. It is not a general liability policy. It is clear that the condition of the premises in this case had nothing to do with the shooting incident from which this case emanates.
The record is uncontrovrted, as of the time of the summary judgment hearing from which this appeal results, that Freeman Lavergne did not in any way participate in the operation of the nightclub. Consequently, considering the evidence adduced at the summary judgment hearing, Lavergne, under the insurance policy, could not be held liable simply as the owner of a nightclub in which a patron is shot.
Further, the policy involved herein was not a general liability policy and did not cover Lavergne's liability if it should be ultimately shown, in contravention of his sworn affidavit and deposition, that Lavergne was in fact operating the nightclub involved herein.
Additionally, the policy in question contains a specific exclusion of coverage for this incident if it is ultimately shown that Lavergne was in fact operating a club in the business of selling or serving alcoholic beverages.
It is clear that Lavergne has at all times represented that he was the owner-lessor of the premises involved, and not the operator of a nightclub selling alcoholic beverages at these premises. If it should be ultimately determined that Lavergne's representations in this regard were untrue, then those representations would substantially affect the risk for which Lavergne was insured by North East, so much so, that North East would be entitled to vitiate the insurance policy.
Finally, it is clear to me that Mr. Bell's deposition, which was taken at his place of incarceration at the State Penitentiary, came too late. The trial judge did not consider it in this motion for summary judgment filed by defendant North East. I submit that the trial judge was correct and that Mr. Bell's deposition does not form part of this record.
Considering all of the above I respectfully suggest that the summary judgment granted in favor of North East should be affirmed.
NOTES
[1] The Department of Health and Human Resources intervened; additional named defendants were Robert Lee Bell and Commercial Union Insurance Company. Commercial Union Insurance Company filed a motion for summary judgment which was granted, and they were dismissed from suit pursuant to judgment signed February 1, 1985. Defendant, Robert Lee Bell is presently incarcerated in the state penitentiary for attempted second degree murder of the plaintiff herein, Cedric P. Hall.
[2] This exclusion applies to so called "dram-shop" liability and is not applicable to the facts of this case.