211 So.2d 732 (1968)
Robert Wayne BEAUREGARD et al., Plaintiffs-Appellees,
v.
Virgil L. SALMON et al., Defendants-Appellees,
Fidelity General Insurance Co., Defendant-Appellant,
Grain Dealers Mutual Ins. Co., Defendant-Appellant.
No. 11045.
Court of Appeal of Louisiana, Second Circuit.
June 4, 1968.
Rehearings Denied July 1, 1968.
*733 Cook, Clark, Egan, Yancey & King, Lynch & Rogers, Shreveport, and Nelson, Ormand & Nelson, New Orleans, for appellant.
Lewis Weinstein, Lunn, Irion, Switzer, Trichel & Johnson, Shreveport, for appellees.
Before BOLIN, PRICE and WILLIAMS, JJ.
BOLIN, Judge.
As this case was previously before us on appeal, as well as on rehearing (205 So.2d 634), we shall not repeat the facts in detail. Involved is a collision between an automobile owned and operated by Robert Wayne Beauregard and a Chevrolet station wagon owned by Western Auto Leasing Company and being driven by Barry Kit Salmon, minor son of Virgil L. Salmon. On first hearing this court held the accident was due solely to the negligence of Barry Salmon and rendered judgment in plaintiff's favor for a total of $6071.37. The question now in dispute relates to the liability of various insurance companies.
At the time of the accident there was in effect a policy of liability insurance issued by Grain Dealers Mutual Insurance Company to Mr. Salmon covering non-owned vehicles driven by an insured. Western Auto Leasing Company had two liability insurance policies on the station wagon, Central Mutual Casualty Company being the primary insurer and Fidelity General Insurance Company being the excess carrier. The coverage afforded Mr. Salmon by Grain Dealers' policy was: "with respect to a * * * non-owned automobile shall be excess insurance over any other valid and collectible insurance". Fidelity General's policy was excess insurance over the limit of $10,000 for each person and $20,000 for each accident. In the lower court Fidelity was cast in solido with defendant Salmon for the sum of $467.50 and from this judgment did not appeal.
In our original opinion Virgil L. Salmon was cast for $6071.37 and of that amount Fidelity General Insurance Company was condemned in solido with defendant for the sum of $467.50. Mr. Salmon was permitted to recover over and against the third-party defendant Grain Dealers for the full amount, together with attorneys' fees, for failing to defend the suit. All rights of plaintiff against Grain Dealers, Central Mutual and Fidelity General, and the rights of defendant Salmon and third-party defendant Grain Dealers for reimbursement, contribution or otherwise, against Central Mutual and Fidelity General, were reserved.
The liability against Grain Dealers was predicated upon our finding that no evidence was presented tending to establish the collectibility of the policy of Central Mutual, the alleged primary insurer.
Upon application of Grain Dealers a rehearing was granted limited "to the question of the existence of primary collectible insurance. Otherwise, rehearing is denied." *734 When the case was considered by this court on rehearing we remanded same to the lower court for the specific purpose of allowing introduction of any evidence tending to show whether the primary insurance of Central Mutual was collectible. On remand, evidence was introduced showing Central had been placed in receivership and thus was insolvent. The lower court rendered judgment essentially the same as the original decree of this court except third-party plaintiff Grain Dealers was granted judgment over and against third-party defendant Fidelity General for the full sum which Grain Dealers had been cast in favor of Mr. Salmon. Grain Dealers and Fidelity General appeal in an effort to have the judgment reversed insofar as it adversely affects these parties.
The evidence adduced on remand is uncontradicted that the primary insurance was uncollectible for the reason that the insurance company was in liquidation. Since the case was remanded for the limited purpose of considering whether there was in existence primary collectible insurance the lower court should have rendered essentially the same judgment as was handed down by this court when the case was originally before us. We found on that occasion Grain Dealers had not shown the primary insurance was collectible and, therefore, held it liable as excess insurer. On remand what this court had concluded for lack of proof was established by positive evidence, i. e., the uncollectibility of the primary insurance.
Alternatively, appellants request the case be remanded to the lower court with instructions to stay further proceedings pending final liquidation of Central Mutual. We find no merit in this contention for, as pointed out by this court on rehearing, the question of whether insurance is collectible must be determined by the conditions existing at the time of the judgment. Clearly, Central Mutual was insolvent at the time of the judgment which rendered the excess insurer liable.
For the reasons assigned the judgment appealed from is reversed insofar as it was rendered against Fidelity General Insurance Company as third-party defendant for the sum of $6071.37 plus attorneys' fees, interest and cost, and the judgment as rendered in the original opinion of this court is reinstated and, accordingly
It is ordered, adjudged and decreed there be judgment herein in favor of plaintiff, Robert Wayne Beauregard, against defendant Virgil L. Salmon for the full sum of $6071.37 and, of that amount, the Fidelity General Insurance Company is condemned in solido with the defendant for the sum of $467.50, with 5% per annum interest thereon from judicial demand until paid.
It is further ordered, adjudged and decreed the defendant Virgil L. Salmon have and recover judgment over and against the third-party defendant Grain Dealers Mutual Insurance Company for the sum of $6071.37 together with interest, for which he was condemned, and for the additional sum of $1500 as attorneys' fees.
It is further ordered, adjudged and decreed that plaintiff's rights, if any, against Grain Dealers Mutual Insurance Company, Central Mutual Casualty Company and Fidelity General Insurance Company, and the rights of defendant Salmon and third-party defendant Grain Dealers Mutual Insurance Company, if any, for reimbursement, contribution or otherwise, against Central Mutual Casualty Company and Fidelity General Insurance Company be, and they are, hereby specially reserved.
It is further ordered, adjudged and decreed Virgil L. Salmon and Grain Dealers Mutual Insurance Company are assessed with all costs, including the cost of this appeal.