FORET, Judge.
This writ application arises out of a two-car accident. One vehicle was driven by Michael White and owned by Robert Dun *705 can. The second vehicle was driven and owned by Johnnie R. Jones. Champion Insurance Company (Champion) provided automobile liability insurance on the vehicle driven by White. White was also insured under a policy issued to his mother through State Farm Mutual Automobile Insurance Company (State Farm). Three guest passengers in the White vehicle filed suit against Champion, Louisiana Insurance Guaranty Association (LIGA), State Farm, and Colonial Insurance Company, the liability insurer of the Jones vehicle. Michael Holloway and Johnnie R. Jones also filed suit for damages received in the automobile accident. All claims filed as a result of the accident were consolidated.[1]
LIGA filed a motion for partial summary judgment to determine which primary insurance company’s policy (Champion (LIGA) or State Farm) would have to be exhausted first before the other policy came into play. Defendant-relator, LIGA, seeks supervisory relief from a judgment of the trial court denying its motion for partial summary judgment.
ISSUE
The determinative issue presented by this writ application is whether State Farm, Michael White’s insurer under a policy issued to his mother, owes “first dollar” coverage under its policy of insurance. No other applicable liability insurance exists due to the insolvency of Champion Insurance Company, the primary automobile liability insurer on the vehicle driven bv White.
DISCUSSION
As we stated in Radar v. Duke Transp., Inc., 492 So.2d 532, 533 (La.App. 3 Cir.1986):
“The prime consideration in the interpretation of an insurance policy is to ascertain the true intention of the parties from the language of the policy as a whole. Harvey v. Mr. Lynn’s Inc., 416 So.2d 960 (La.App. 2d Cir.1982). It is well settled in our jurisprudence that a valid insurance policy is a contract between the insured and the insurer and is thus the law between them. Fruge v. First Continental Life and Accident Ins. Co., 430 So.2d 1072 (La.App. 4th Cir.1983), writ denied, 438 So.2d 573 (La.1983); Moncrief v. Blue Cross-Blue Shield of Arkansas, 472 So.2d 299 (La.App. 3rd Cir.1985).
As in the ease of other written agreements, the terms and provisions of an insurance contract are construed in their general and popular meaning. Nida v. State Farm Fire & Casualty Co., 454 So.2d 328 (La.App. 3rd Cir.1984), writ denied, 458 So.2d 486 (La.1984).”
The State Farm policy provision we must interpret herein is as follows:
“OTHER INSURANCE
If there is other applicable liability insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any liability insurance we provide to a covered person for the maintenance or use of a vehicle you do not own shall be excess over any other applicable liability insurance.” (Emphasis Ours.)
In determining whether State Farm or LIGA provides primary coverage in view of the insolvency of Champion, we must determine the intent of the parties found in the policy language stating that State Farm “shall be excess over any other applicable liability insurance.” “Applicable” is defined by Webster’s Ninth New Collegiate Dictionary, (1984), as “capable of or suitable for being applied.” Therefore, we will determine whether there exists any liability insurance, other than State Farm, “capable of being applied.”
LIGA relies upon the Louisiana Supreme Court opinion in Nasello v. Transit Cas. Co., 530 So.2d 1114 (La.1988), in contending that State Farm provides primary coverage upon the insolvency of Champion. In Nasello, the defendant had rented a car from *706 National Car Rental Systems, Inc. which was insured under a policy issued by Transit. In addition, the defendants had available a liability policy issued by Great Northern Insurance Company. Transit Casualty Company became insolvent and the issue raised was whether Great Northern or LIGA provided primary coverage in view of Transit’s insolvency. The Supreme Court found the “other insurance” provision of the Great Northern policy provided as follows:
“For any covered auto you do not own, the insurance provided by this policy is excess over any other collectible insurance.” Nasello, at page 1115.
The Louisiana Supreme Court noted that the Great Northern policy provided that it was excess only over “other collectible insurance” and concluded that since Transit was insolvent, there was no other collectible insurance and therefore Great Northern provided coverage primary to that of LIGA.
In the case at bar, the “other insurance” provision of the State Farm policy provides that it is excess insurance over any other “applicable” liability insurance. We find that the distinction between the use of the word “collectible” in Nasello or “applicable” in this case is a distinction without a difference. As in Nasello, since Champion is insolvent, there is no other applicable liability insurance. Therefore, the State Farm policy provides coverage primary to that of LIGA. Interpreting the plain meaning of the language of the policy, there is no other insurance capable of being applied other than the State Farm coverage.
State Farm cites Gibson v. Kreihs, 538 So.2d 1057 (La.App. 4 Cir.1989), writ denied, 541 So.2d 856 (La.1989), and Louisiana Ins. Guar. v. Intern. Ins. Co., 551 So.2d 50 (La.App. 1 Cir.1989), for the proposition that the State Farm policy should not provide coverage until LIGA has provided primary coverage to the extent of its statutory authority. We note that those cases are distinguishable from this case insofar as the issue was whether the excess insurance dropped down to the insured’s retained or “applicable” limits of the underlying insolvent insurance or, instead, dropped down to LIGA’s limit of coverage, which was less than the insured’s retained limits. The First and Fourth Circuits found that the excess insurer was liable only for the amount of the claim in excess of the retained limits or “applicable limits” whereas we must determine whether there is any underlying primary “applicable insurance.” See Beauregard v. Salmon, 211 So.2d 732 (La.App. 2 Cir.1968), writ refused 252 La. 883, 214 So.2d 550 (La.1968); Wilks v. Allstate Insurance Company, 195 So.2d 390 (La.App. 3 Cir.1967)[2].
We also take into consideration La.R.S. 22:1386(1) which states, in pertinent part:
“(1) Any person having a claim against an insurer under any provision in an insurance policy other than a policy of an insolvent insurer which is also a covered claim, shall be required to exhaust first his right under such policy.”
It is undisputed that the first layer of primary coverage under Champion is inapplicable and uncollectible for the reason that the insurance company is insolvent. After a determination that there is no other applicable liability insurance, both Champion (LIGA) and the State Farm policies constitute primary or first dollar coverage. Pursuant to La.R.S. 22:1386, the plaintiffs must exhaust their rights against State Farm prior to recovery against LIGA.[3]
As such, we find that the State Farm policy provides primary coverage insofar as no other primary coverage is applicable. Therefore, we find that the trial court erred in denying LIGA’s motion for partial *707 summary judgment and reverse said judgment.
DECREE
IT IS ORDERED, ADJUDGED AND DECREED that the motion for partial summary judgment filed on behalf of Louisiana Insurance Guaranty Association is granted. The State Farm Mutual Automobile Insurance policy issued to Leaner William White provides coverage primary to that of LIGA.
Costs are to be paid by State Farm Mutual Automobile Insurance Company, respondent herein.
WRIT GRANTED AND MADE PEREMPTORY.

. Colonial Insurance Company settled with all plaintiffs, and LIGA settled with Kenneth Johnson, Michael Key, and Christ Simms. LIGA received an assignment of rights from these plaintiffs with regard to their outstanding claim against State Farm.

. We note that this holding may be contrary to the holding in Continental Marble & Granite v. Canal Ins. Co., 785 F.2d 1258 (5th Cir.1986). That case involved a "true” excess insurer whereby liability attached only after a pre-deter-mined amount of primary coverage had been exhausted.

. Or as in this case, the plaintiffs must assign their rights to LIGA to the extent of their recovery.